Pearson, J.
 

 It is unnecessary to decide the question of evidence, raised by the plaintiff’s exception: because, supposing him entitled to the evidence, the action cannot be sustained. The first conni, for the conversion of the note, cannot be sustained: because, by the plaintiff’s own showing, he is not the owner of it; the legal title being in Mosely, ■and he alone is recognised as the owner in a Court of law, and the plaintiff is considered as a mere agent authorized to receive the money and to bring suit in the name of Mosely. The property in a note payable to A, or to A, or order, can ■only be transferred at law by endorsement.
 
 Fairly
 
 v.
 
 McLean,
 
 11 Ired. 158.
 

 The second count, for the conversion of the proceeds of the note, viz: the money collected by the defendant, cannot be sustained; because the plaintiff is not the owner of the money, and has-no more right of property in it than in any other parcel of money of the same amount, tie never had it in possession, and it was not collected for him. To maintain trover the plaintiff must show title, or a right of possession, the owner being unknown.
 
 Barwick
 
 v. Barwick,
 
 1
 
 1 Ired. 80.
 

 
 *394
 
 In many eases, when one converts the property of another and receives the money-for it, the party is allowed to waive the “
 
 tort,’*
 
 and bring an action for “ money had and received,’’ treating the defendant as'his agent, and placing the transaction on the ground of contract. This is called an “equitáble action,” and has been carried very far to meet what is supposed to be the justice of the case. Possibly, by a stretch of the doctrine,the plaintiff could maintain an action for “ money had and received,” treating the defendant as the agent of the constable, who was the plaintiff’s agent. It would, however, require very strong authority to induce this Court, so to extend the doctrine, in face of the fact, that the defendant was acting for himself as a purchaser. The idea that trover, which is an action
 
 ex delicto,
 
 can be maintained for the money collected by the defendant, not only violates all principle, but receives no countenance from any authority or intimation to be met with in the books.
 

 Per Curiam. Judgment affirmed.