ELECTRICAL ACCESSARIES CO. v. MITTENTHAL et al.

(Supreme Court, Appellate Division, First Department.   November 3, 1911.)

1. PATENTS (§ 218*)—ASSIGNMENT—ROYALTIES—PERSONAL LIABILITY.

Plaintiff assigned certain letters patent on an improvement for electric fountains to defendants for a consideration consisting of part cash and defendants' agreement to pay the balance in royalties of 5 per cent. on the gross sales of the fountains made by defendants or their assigns, until the indebtedness was paid.  Held, that defendants were individually liable to plaintiff for royalties on sales made by a corporation organized by them to manufacture and sell the fountains, to which defendants assigned their rights under the patents.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 218.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 219*)—ROYALTIES—ISSUES AND PROOF.

Where, in an action for royalties on an assignment of the patent, there was no allegation or proof of a total repudiation by defendants of their liability under the contract, and plaintiff's demand in the original complaint was limited to royalties on gross sales down to the commencement of the action, he was not entitled by amendment to recover royalties on sales made down to the time of the trial.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 219.*]

3. APPEAL AND ERROR (§ 151*)—JOINT LIABILITY—JOINDER OF DEFENDANTS.

Under Code Civ. Proc. §§ 1294. 1295, 1300, authorizing any party aggrieved to appeal, one of two defendants held jointly liable may appeal, without his codefendant joining therein, though the extent of the relief may depend on whether notice of appeal has been served on the codefendant or defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

Appeal from Trial Term, New York County.

Action by the Electrical Accessaries Company against Samuel S. Mittenthal, impleaded with others. From a judgment for plaintiff, defendant Mittenthal appeals. Modified and affirmed.

See, also, 128 App. Div. 902, 112 N. Y. Supp. 1128; 129 App. Div. 931, 113 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Edward Potter, for appellant.

Justin S. Galland, for respondent.

LAUGHLIN, J. [1] The plaintiff was the owner of certain letters patent issued by the United States Patent Office for the improvement of electrical fountains, and it sold and assigned the same to the defendants. The consideration was paid in part in cash, and the defendants agreed to pay the balance in royalties, consisting of 5 per cent. on the gross sales of the electrical fountains made by the defendants or their assigns, until the indebtedness was paid. The defendants did not manufacture or sell any of the electrical fountains, and the appellant contends, on the opinion delivered by the Court of Appeals on a former appeal herein from an order striking out the appellant's answer as frivolous (Electrical Accessaries Co. v. Mittenthal, 194 N. Y. 473, 87 N. E. 684), that the plaintiff can only recover herein for electrical fountains actually manufactured and sold by the defendants.

The question presented by that appeal was merely whether the answer contained a denial of any of the material allegations of the complaint, and the question as to whether the defendants would be liable for royalties on electrical fountains manufactured and sold by others by their authority, or with their consent, was not presented for decision. It appears that, within about one month after the sale and assignment of the letters patent to the defendants, they incorporated the New York Electric Fountain Company, for the purpose of manufacturing and selling the electrical fountains, and that they assigned their rights to that company. The basis of the recovery is a percentage on the

─────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

gross sales of the electrical fountains thus manufactured and sold by the New York Electric Fountain Company, and we are of opinion that the defendants were properly held liable therefor.

[2] The plaintiff's demand in the original complaint was limited to royalties on gross sales down to the time of the commencement of the action; but it claimed the right to recover for royalties down to the time of the trial, and over the objection and exception, duly taken of the appellant, that the evidence was not within the issues, and that the plaintiff was limited to the royalties earned before the action was commenced, the court permitted the plaintiff to show the amount of the sales intermediate the commencement of the action and the trial. At the close of the plaintiff's case it moved to amend the complaint to include these royalties, and the motion was granted. No exception appears to have been taken, but the rights of appellant are preserved by the exception to the reception of the evidence.

The defendant Jacobson pleaded as a defense the assignment to the New York Electric Fountain Company, and that this was made with the knowledge and consent of the plaintiff, and on the understanding and agreement that the defendants were to be released, and that the plaintiff was to look to said assignee for the balance of the consideration agreed to be paid by defendants to plaintiff under the assignment of the letters patent to them; but these facts were not set up in the answer of the appellant. On account of this contention, made by the defendant Jacobson, the plaintiff *now* claims that it was entitled to recover as for a total breach of the contract, and that these royalties constitute its damages; but it does not appear that this theory was presented on the trial.

This action is at law, and the only breach shown on the part of the defendants prior to the commencement of the action was a failure to pay the royalties on gross sales down to that time. There was no allegation or proof of a total repudiation by defendants of their liability under their contract with plaintiff. The plaintiff was permitted to recover the sum of $422.75 for royalties on sales after the commencement of the action. This should therefore be deducted from the amount of the recovery.

[3] The respondent also contends that the judgment was rendered against the defendants on a joint liability, and that it was therefore not competent for one of the defendants to appeal alone. This contention is not sound. It may be that one defendant, who has been held jointly liable with another, cannot by appeal, without the other joining therein, or without serving his notice of appeal upon him, obtain relief which will affect the other defendant prejudicially; but here the only relief to which we think the appellant is entitled is merely a modification of the judgment, by reducing the amount thereof, and of this the other defendant could not complain.

The notice of appeal describes the judgment as being against appellant, instead of against both defendants. We are of opinion that this does not preclude plaintiff from obtaining a modification of the judgment. The Court of Appeals in St. John v. Andrews Institute, 192 N. Y. 182, 85 N. E. 143, recognizes, I think, the right of one defend-

ant, against whom a recovery has been had on a joint liability, to appeal without his codefendant or defendants joining with him. In Williams v. Western Union Tel. Co., 93 N. Y. 162–192, it was stated that one defendant alone might not have the right to appeal in such case, but the point was not decided. The Code of Civil Procedure (sections 1294, 1295, and 1300) authorizes any party aggrieved to appeal. The fact that no provision is made for serving the notice of appeal on a codefendant is not decisive of the question. The appellant could not compel his codefendant to appeal, and I am of opinion that he is not bound to submit to an unwarranted recovery if his codefendant fails to join with him. If he may appeal, it follows that he may have the right to relief; but the extent of the relief may depend on whether or not the notice of appeal has been served on his codefendant or defendants, a question which we do not now decide.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, unless plaintiff shall stipulate to reduce the recovery by the sum of $422.75, in which event, the judgment, as so modified, is affirmed, without costs. All concur.