THOMAS W. SPRINGS v. J. W. COLE.

(Filed 3 May, 1916.)

**1. Conversion—Evidence—Mortgages—Registration—Notice.**

In an action upon a note and for wrongful conversion of a cow, it appeared that H. bought the cow from the defendant, giving the note with the plaintiff as indorser and a mortgage to the plaintiff to secure him therein, the mortgage not having been registered. H. returned the cow to defendant upon condition that he pay the note and deliver it to him. *Held*, upon redelivery of the cow, the defendant was a purchaser for value, unaffected with notice of the mortgage lien, and the action for conversion of the cow cannot be maintained against him.

**2. Principal and Surety—Statute of Frauds—Original Promise—Mortgages—Registration—Notice.**

The defendant received from H. a note for the purchase price of a cow whereon the plaintiff was an indorser secured by an unrecorded mortgage, of which the defendant had actual knowledge. The defendant received the cow from H. upon condition that he pay off the note then held by a bank. *Held*, the defendant's promise was an original one not falling within the statute of frauds, inuring to the exoneration of the plaintiff as surety, though not made to him, the consideration of the transaction moving to the defendant being the value of the cow, represented by the amount of the note. *Nicholson v. Dover*, 145 N. C., 145.

**3. Principal and Surety—Evidence—Statute of Frauds—Questions for Jury.**

It is held in this case that, under the conflicting evidence, the question as to whether the defendant's promise was an original one inuring to the benefit of an indorser on a note given for the purchase of a cow should be submitted to the jury upon appropriate issues.

APPEAL by plaintiff from *Justice, J.,* at December Term, 1915, of GASTON.

Civil action. At the conclusion of the evidence the court sustained the motion to nonsuit, from which the plaintiff appealed.

*Mangum & Woltz for plaintiff.*
*Carpenter & Carpenter for defendant.*

BROWN, J. The plaintiff sues to recover the sum of $36.80 from the defendant Cole for the wrongful and unlawful conversion of a certain red cow. For a second cause of action plaintiff seeks to recover of said defendant for fraudulently obtaining possession of the said cow by promising to pay a certain note which the defendant afterwards refused to pay.

The testimony tends to prove that one Henley purchased from the defendant Cole a cow and gave his note for $35, dated 28 February,

1914, due 18 November, 1914, bearing 6 per cent interest from date, and that the plaintiff became surety or indorser on the said note for Henley. Henley executed a mortgage on the cow to the plaintiff to secure plaintiff for indorsing the note. Afterwards Henley traded the cow back to the defendant Cole upon the condition and promise upon the part of the defendant Cole that he was to pay the said note and return it to the plaintiff, and that Cole paid nothing else for the cow. This is substantially the testimony of Henley, and it is corroborated by the testimony of the plaintiff.

1. It is plain that the plaintiff cannot recover of Cole by virtue of the mortgage on the cow for wrongful conversion, for the reason that the mortgage was not recorded, and while the mortgage was good between the plaintiff and Henley, when Henley traded the cow back to Cole, the mortgage, not being on record, would not continue to be a lien upon the property. The plaintiff upon his own showing cannot recover the cow from the defendant Cole, who is in law a purchaser, and consequently he cannot recover for its conversion. *Herring v. Tilghman,* 35 N. C., 392. Although Cole had notice of the outstanding mortgage, that will not supply the place of registration. *Blalock v. Strain,* 122 N. C., 283; *Piano Co. v. Spruill,* 150 N. C., 168.

2. Notwithstanding the plaintiff cannot recover for the wrongful conversion of the cow, we are of opinion that there is evidence upon which he may recover the amount of the note from Cole upon an express promise upon the part of Cole to pay the said note, which promise, although made to Henley, was made, also, for the plaintiff's benefit, as well as Henley's. There is evidence that the plaintiff held an unregistered mortgage on the cow; that the defendant Cole knew it; that the note for the purchase money of the cow was given to Cole and he had transferred it to the Mount Holly Bank. When the defendant Cole took the cow from Henley, according to Henley's evidence, the price to be paid for her was the amount of the note, and that was to be applied not only in exoneration of Henley, but necessarily, also, in exoneration of Henley's surety. This was not a promise upon the part of defendant Cole to pay Henley's debt, and, therefore, required to be in writing, but was practically an original promise upon the part of defendant Cole to apply the purchase money which he was to pay for the cow to the note on which the plaintiff was surety and in satisfaction of the mortgage on the cow. This promise was made as well for the plaintiff's benefit as for Henley's, and, we think, can be enforced by the plaintiff under the principles laid down in *Nicholson v. Dover,* 145 N. C., 18.

We think these inferences may be drawn from the testimony of Henley; but there is evidence, also, tending to prove that Cole agreed to take another mortgage on the cow and a hog and wait until the fall for

the money to be paid by Henley, and that Henley failed to give the mortgage on the cow and hog. If those are the facts, and Cole's promise to pay the debt was based on that condition, which was not complied with, then Cole would not be liable for the debt. The evidence is by no means plain, and we think, under the circumstances, the case should be submitted to the jury upon proper issues.

New trial.