E. A. CRUMPLER v. H. J. HINES, ADMR. OF F. R. COOPER.

(Filed 10 October, 1917.)

1. Judgments, Set Aside—Motions—Meritorious Defense.

A judgment by default will not be set aside upon defendant's motion on the ground of excusable neglect, unless his averments, made in good faith, establish the fact, if true, that he has a meritorious defense, or the facts so alleged must make out a *prima facie* defense, the ultimate and final determination of these being left to the proper tribunal, if the motion is allowed.

2. Same—Contracts—Beneficial Interests—Pleadings.

A beneficiary under a contract may maintain an action for its breach; and where judgment final for want of an answer has been rendered upon allegations of the complaint that the plaintiff furnished the money for the purchase of certain lands upon the agreement he was to share in the profits, etc., and that the transaction had accordingly been made and a profit obtained, but he had received nothing, a motion by defendant to set

the same aside, without a denial of these allegations, fails to state a meritorious defense, nothing else definitely appearing, and the motion will be denied.

APPEAL from the refusal of *Lyon, J.,* to set aside a judgment, heard at May Term, 1917, of SAMPSON.

This is a motion to set aside a judgment by default, on the ground of excusable neglect.

The action was commenced 23 January, 1912. The complaint was filed at February Term, 1914, and the judgment, which the defendant asks to have set aside, was rendered by default for the want of an answer, at August Term, 1916, and this motion was made within one year thereafter.

The complaint alleges that on 4 October, 1909, John E. Fowler bought a tract of land at public sale, at the price of $385; that the plaintiff, at the request of Fowler, advanced the money to pay the purchase price, the said Fowler agreeing to repay said sum and to give to the plaintiff one-half of the profits for which the land should be sold; that on 22 December, 1909, the said Fowler sold said land to F. R. Cooper, the intestate of the defendant, for the sum of $600, and that the said Cooper then agreed that he would pay to the plaintiff the original purchase price and one-half the profits on the sale to him, and would credit said Fowler with the other half of said profits on an open account held by the said Cooper against the said Fowler; that the said Cooper has never paid any part of said amount, and that thereafter he sold said land for the sum of $800.

No answer was filed, and the facts above recited are not denied in the affidavit filed by the defendant in support of this motion, nor does he say that he has a meritorious defense.

Both parties filed affidavits before his Honor, and after consideration thereof, judgment was entered, denying the motion of the defendant, upon the ground that, although excusabel neglect had been shown, it had not been shown that there was a meritorious defense, and the defendant excepted and appealed.

*Henry E. Faison, I. C. Wright, and B. H. Crumpler for plaintiff.*
*Butler & Herring for defendant.*

ALLEN, J. One who asks to be relieved from a judgment on the ground of excusable neglect must show merit, as otherwise the court would be asked to do the vain thing of setting aside a judgment when it would be its duty to enter again the same judgment on motion of the adverse party. If he is a plaintiff, he must allege facts constituting a cause of action, and if a defendant, facts which will be a defense.

It is not required that these facts be established conclusively on the hearing of the motion, but they must be alleged in good faith, and must, if true, in the one case show a cause of action, and in the other a defense.

In other words, the facts alleged must make out a *prima facie* cause of action or defense, the ultimate and final determination of these being left to the proper tribunal, if the judgment is set aside. *Mauney v. Gidner,* 88 N. C., 202; *English v. English,* 87 N. C., 497; *Norton v. McLourin,* 125 N. C., 189; *Turner v. Machine Co.,* 133 N. C., 381; *Minton v. Hughes,* 158 N. C., 586.

Tested by these principles, we are of opinion his Honor held correctly that the defendant has not shown a meritorious defense.

He does not deny, even on information and belief, the facts alleged in the complaint, that Fowler bought the land at public sale for $385; that the plaintiff advanced the purchase money under an agreement with Fowler to repay the same, and to give him one-half the profits for which the land should be sold; that Fowler afterwards sold the land to the intestate of the plaintiff for $600, under an agreement to credit Fowler with one-half the profits on an account held against Fowler, and to pay to the plaintiff the other half of the profits and the original purchase price; that the intestate of the defendant has paid nothing and has sold the land for $800.

These facts constitute a good cause of action under the doctrine of *Gorrel v. Water Co.,* 124 N. C., 333, approved and affirmed in *Voorhees v. Porter,* 134 N. C., 603; *Supply Co. v. L. Co.,* 160 N. C., 431; *Withers v. Poe,* 167 N. C., 374, and other cases, that "one not a party or privy to a contract, but who is a beneficiary thereof, is entitled to maintain an action for its breach."

This was at one time a much-debated question, relief being denied in some cases on the ground of want of privity, but the principle is now generally adopted as we have stated it. See 6 R. C. L., 884.

Nor are the facts alleged any defense to the plaintiff's action.

The defendant says he has examined the books of his intestate and has found an account against Fowler of $233.87, due 13 January, 1909, and from this he concludes that the claim of the plaintiff is unreasonable, and this is the only fact stated bearing on a defense.

Fowler may be indebted to the intestate, but this could not be alleged to defeat a recovery upon his express promise to pay the plaintiff, and the transaction is not so unreasonable, from the standpoint of the defendant, as his intestate paid nothing and has received a payment of $107.50 on a debt, and a tract of land which he sold for $800.

The affidavits show that the deceased was an honorable attorney, and that cordial, friendly relations existed between him and Fowler. They had many dealings with each other, and both were careless in keeping

the accounts between them, growing out of the confidence in each other, and we are constrained to believe this controversy would not have arisen if the deceased was alive.

There is no error.

Affirmed.