Civil action for debt and to enforce a mechanic's lien against defendant's leasehold estate. Defendant set up in bar of plaintiff's right to recover or to enforce its lien a composition in bankruptcy — it being alleged that plaintiff participated fully in the bankruptcy proceedings, filed its claim as an unsecured creditor, and took part in all meetings *Page 522 
of the creditors; that a 25 per cent composition was offered by the defendant and accepted by a majority in number and in amount of the creditors whose claims had been filed and allowed, and that this was confirmed by the District Court of the United States. Plaintiff demurred to the sufficiency of the answer and moved to strike out all the allegations in regard to the bankruptcy proceedings. Demurrer sustained, motion allowed, and defendant appealed.
The office of a demurrer is to determine the legal sufficiency of a pleading, admitting for the purpose the truth of all the matters and things alleged therein. 21 R.C.L. 504. It is alleged in the answer that on 10 February, 1922, the defendant filed a voluntary petition in bankruptcy in the District Court of the United States for the Western District of North Carolina, and listed plaintiff's claim as one of his unsecured debts; that the plaintiff duly filed proof of its claim for the full amount, as an unsecured creditor in said bankruptcy court, and participated in all the creditors' meetings, took part in the election of a trustee, voted its full claim as an unsecured debt, and was (497) present, participating when the bankrupt's 25 per cent offer of composition was accepted by the requisite majority of creditors in number and amount. Under these facts it is alleged that plaintiff is deemed to have waived or relinquished any security or lien which it may have held, and that the order of confirmation was tantamount to a discharge in bankruptcy. Black on Bankruptcy, sec. 562, Bankruptcy Act (1898), sec. 14 (c).
We think the demurrer should be overruled, and the defendant allowed to show his defense, if he can. A secured creditor does not waive his security by proving his debt in the bankruptcy proceedings, if he prove it as a secured claim. But, as a general rule, if a creditor prove the whole of his claim as unsecured, and particularly if he accept a composition or a dividend thereon, he places himself on a party with all the general creditors, and is deemed to have waived his security. In re Burr Mfg. andSup. Co., 217 F. 16. It will be observed that in Watters v. Hedgpeth,172 N.C. 310, plaintiff's lien there was on the bankrupt's homestead, which property was beyond the power of the bankruptcy court to administer, as it was exempt under the Constitution of this State, and nothing was paid to the creditors in the bankruptcy proceedings. Lockwood v. Bank, 190 U.S. 294;McKenney v. Cheney, 118 Ala. 387; Birmingham Finance Co. v. Chisolm, 284 F. 840; U.S. Comp. St. (1918), sec. 9590. *Page 523 
We refrain from further comment, as the evidence in the case may show a different state of facts from that alleged in the answer.
The ruling of his Honor in sustaining the demurrer and striking out all the allegations in defendant's answer, relating to the bankruptcy proceedings, must be reversed and the cause remanded for further action, not inconsistent with this opinion.
Reversed.
Cited: Brock v. Brock, 186 N.C. 55; Brick Co. v. Gentry, 191 N.C. 637;Andrews v. Oil Co., 204 N.C. 271.