C. F. HELDERMAN ET AL. v. HARTSELL MILLS COMPANY, INC.

(Filed 1 December, 1926.)

**1. Judgments Set Aside—Excusable Neglect—Meritorious Defense.**

A judgment by default for the want of an answer after the time therefor has elapsed as the statute requires, will not be set aside unless the defendant shows a meritorious defense, as well as excusable neglect.

**2. Same—Facts Found—Request of Parties.**

Where the defendant moves to set aside a judgment rendered against him for failure to answer, etc., for surprise, excusable neglect, etc., it is the duty of the judge to find the facts upon the evidence on which he bases his conclusions of law, at the request of the parties.

**3. Same—Appeal and Error—Conclusions of Facts Found—Questions of Law—Review.**

Where the trial judge has found the facts upon supporting evidence from which he has drawn his conclusions of law, allowing defendant's motion to set aside a judgment for excusable neglect, the facts so found are conclusive on appeal, but the legal conclusions therefrom are reviewable thereon.

**4. Judgments Set Aside—Attorney and Client—Neglect of Attorney—Excusable Neglect—Questions of Law—Appeal and Error.**

Where the defendant in an action has retained an attorney for his defense, of high character and reputation for diligence and faithfulness in the practice of his profession, with instructions to employ an attorney local to the litigation, and has fully relied on him to notify him of the steps necessary to be taken in his defense, and seeks to set aside a judgment by default therein entered against him for his failure to answer, the laches of the attorney, if any, nothing else appearing, is not attributable to the defendant and the order of the Superior Court setting aside the judgment for his excusable neglect when otherwise correct will be sustained on appeal. C. S., 600.

**5. Same—Meritorious Defense—Judgment by Default Final—Questions for Jury.**

Where upon defendant's motion to set aside a judgment by default final for excusable neglect, it appears of record on appeal to the Supreme Court that an issue of fact for the jury was raised, a meritorious defense is shown as a matter of law, and the judgment of the Superior Court allowing the defendant's motion will be sustained.

**6. Contracts—Vendor and Purchaser—Instructions to Deliver—Reasonable Time—Issues—Questions for Jury.**

Where a contract entered into between the vendor and purchaser of merchandise is that the former should ship the merchandise at the latter's request, and the defense to an action thereon is that the vendor shipped the goods without the purchaser's instructions, an issue of fact is raised for the determination of the jury as to whether the purchaser delayed giving his instructions beyond a reasonable time.

STACY, C. J., and ADAMS, J., dissenting.

APPEAL by plaintiffs from order of *Lane, J.,* affirming order of clerk of Superior Court of ROCKINGHAM County, setting aside judgment herein for excusable neglect. Affirmed.

Summons in this action was issued by the clerk of the Superior Court of Rockingham County on 12 September, 1925, and duly served on defendant in Cabarrus County on 17 September, 1925. Plaintiffs filed their verified complaint on 15 September, 1925. No demurrer or answer was filed thereto on or before the return day fixed in the summons, nor was any request made by defendant for extension of time within which to file demurrer or answer. On 26 October, 1925, upon motion of plaintiffs, judgment by default final was rendered by the clerk of the Superior Court.

On 14 December, 1925, defendant appeared for the first time before the clerk and moved that the judgment be set aside and that it be granted time within which to file answer, assigning as grounds for the motion:

1. That the clerk was without power to render judgment by default final upon the cause of action set out in the complaint.

2. That the failure of defendant to file answer to the complaint within the time prescribed by law was due to its excusable neglect.

3. That defendant has a meritorious defense, both in law and in fact, to the cause of action set out in the complaint.

From the order of the clerk, dated 19 December, 1925, allowing the motion, plaintiffs appealed to the judge of the Superior Court. Upon the hearing of this appeal at February Term, 1926, the judge affirmed the order of the clerk. Plaintiffs excepted and appealed to the Supreme Court.

*A. W. Dunn* and *Humphreys & Gwyn* for plaintiffs.
*P. W. Glidewell* and *J. M. Sharp* for defendant.

CONNOR, J.　Referring to motions similar to that made in this action by defendant, *Justice Varser*, in *Lumber Co. v. Chair Co.*, 190 N. C., 437, says: "In these motions the Court cannot lose sight of the rights of the party who has been diligent, and has sought his remedy according to the course and practice of the Court. If there is hardship as between the parties, it must be borne by him who was not diligent, unless the facts come within the purview of C. S., 600." A judgment will not be set aside unless the party seeking relief under the statute, alleges and shows not only excusable neglect, but also a meritorious defense.　In *Taylor v. Gentry*, ante, 503, *Stacy, C. J.*, says: "It is useless to set aside a judgment where there is no real or substantial defense on the merits.　*Land Co. v. Wooten*, 177 N. C., 248; *Crumpler v. Hines*, 174 N. C., 283; *Norton v. McLaurin*, 125 N. C., 185." It is the duty of the judge, upon the request of either party to find the facts upon which he makes his order, allowing or disallowing the motion. *Holcomb v. Holcomb*, ante, 504.

The clerk of the Superior Court first found the facts upon which he made the order, setting aside the judgment theretofore rendered by him. Upon plaintiffs' appeal from this order, the judge found additional facts, and affirmed the order of the clerk.　There was evidence in support of these findings of fact. They are, therefore, conclusive upon the appeal of plaintiffs to this Court.　Whether the conclusions from these facts, to wit, that defendant's neglect to file an answer within the time prescribed by law was excusable, and that defendant has a meritorious defense to plaintiff's action as set out in the complaint, are correct, is a matter of law, and therefore reviewable upon appeal to this Court. For the principles of law applicable, see opinion of *Walker, J.*, in *Lumber Co. v. Cottingham*, 173 N. C., 323.　The statement of these principles by *Clark, C. J.*, in *Norton v. McLaurin*, 125 N. C., 185, is quoted and approved.

It is found as a fact that defendant purchased of plaintiffs a fixed number of articles to be manufactured by plaintiffs, agreeing to pay therefor a stipulated price per article; that by the terms of the contract, these articles were not to be shipped by plaintiff or delivered to defendant until such times as defendant might thereafter request; that plaintiffs shipped the articles to defendant, without any request from defendant and that defendant declined to accept the articles.　Conceding that defendant was required to make the request within a reasonable time, whether a reasonable time had elapsed since the date of the order, is a question for the jury; and if the jury shall find that plaintiffs shipped

HELDERMAN *v.* MILLS Co.

the articles to defendant, without request from defendant, and before the lapse of a reasonable time, plaintiffs cannot recover in this action the purchase price of the goods shipped.

It is further found as a fact that defendant immediately upon the service of summons retained an attorney at law residing in Cabarrus County to defend the action; that said attorney at law upon his suggestion, was authorized by defendant to retain an attorney at law residing in Rockingham County to aid in the defense of the action; that defendant relied upon said attorney to defend the action and to retain a local attorney to aid him; that said attorney at law failed to retain a local attorney to aid him in the defense and failed to enter an appearance for defendant in the Superior Court of Rockingham County, or to file an answer to the complaint; that from the date on which said attorney was retained, until after the judgment by default final was rendered, the said attorney was not well and during said time was greatly distressed by the continued illness of his only son who was in a hospital at Charlotte, necessitating his absence daily from his office; that as soon as defendant was advised of the rendition of the judgment, it caused the motion to be made that the judgment be set aside. Said attorney did not communicate with or advise defendant further after he had been retained to defend the action. Defendant relied upon said attorney not only to take such steps as were necessary to make its defense, but also to advise what was required of defendant.

Whether the neglect of the attorney to file the answer was upon the facts found, excusable, is not determinative of defendant's right to relief upon its motion; defendant having retained an attorney well known to it, for his high character and excellent professional standing, had the right to assume that he would advise it when and what action was required of it for making its defense. Upon the facts found, the conclusion that defendant's negligence was excusable, cannot be held to be error. The negligence of the attorney, upon the facts found, even if conceded, will not be imputed to defendant, who was free from blame. *Edwards v. Butler,* 186 N. C., 200. C. S., 600, is a highly remedial statute; the relief authorized by the statute ought not to be denied where, as in this case, plaintiffs' rights, if any he has, cannot ultimately suffer, and defendant has a meritorious defense, which he seeks only an opportunity to make, and which he would, but for the statute, lose through his mistake, inadvertence, surprise, or excusable neglect. Plaintiffs have been diligent, but defendant's neglect to file an answer was upon all the facts, excusable. The order is

Affirmed.

STACY, C. J., and ADAMS, J., dissenting.