CITY OF CHARLOTTE v. E. M. COLE, MARY S. ARMSTRONG AND HUS-
BAND, HARRY A. ARMSTRONG, SAMUEL B. SEEGERS, T/a SEEGERS'
BARBER & BEAUTY SHOP, AND BEN JAFFA, T/a SOUTHERN FIVE
AND TEN CENT STORES.

(Filed 28 April, 1943.)

**1. Torts § 4: Pleadings § 15: Negligence § 16—**

In an action by a city, for contribution as joint tort-feasors, against
defendants, property owners in such city, alleging that a judgment was
taken against the city, for injuries sustained by a pedestrian stumbling
on a protruding iron stake on the property of defendants and very near,
but not on, the city sidewalk, a demurrer to the complaint should have
been sustained, as it discloses no actionable negligence against the city to
which the conduct of defendants could have contributed.

**2. Torts § 6—**

Where a judgment has been obtained, arising out of a joint tort, and
only one of the joint tort-feasors was a party and judgment against him
alone, to enable such judgment debtor to recover, under C. S., 618, against
the other joint tort-feasor, he must allege and prove, in an action *de novo*,
the negligence of his alleged joint tort-feasor, the defendant, and his
duty of contribution.

APPEAL by defendant Ben Jaffa, T/a Southern Five and Ten Cent
Stores, from *Olive, Special Judge,* at 1 March, 1943, Extra Term of
MECKLENBURG.

In a former personal injury action against the city of Charlotte,
Mrs. Maudie Elwood Fisher obtained a judgment for $852.85, which the
city paid. In the present suit it seeks to recover of the defendants the
amount of the judgment, or a proportionate contribution thereto, on the
ground that they were joint tort-feasors in producing the injury which
resulted in the recovery. Chapter 68, Public Laws of 1929; sec. 618,
Michie's Code, 1939. Consideration of the demurrer filed by the appeal-
ing defendant, Jaffa, makes it necessary to reproduce the complaint
in full:

"The plaintiff complaining of the defendants, says and alleges:

"1. That the plaintiff, the City of Charlotte, is a municipal corpora-
tion organized and existing under and by virtue of the laws of the State
of North Carolina.

"2. The defendants are citizens and residents of Mecklenburg County
and State of North Carolina.

"3. On December 20, 1941, and for some time prior thereto, there
existed in the easterly section of the City of Charlotte a street known
as Central Avenue, which said street ran in an easterly and westerly
direction.

"4. That the plaintiff, prior to December 20, 1941, had constructed a
paved sidewalk along the southerly side of said Central Avenue; that

the southerly edge of said paved sidewalk, as constructed by the plaintiff, followed the southerly edge of Central Avenue and was immediately adjacent to the northerly property line of private property in the 1500 Block of said Central Avenue between the intersection of Central Avenue with Pecan Avenue on the west and Thomas Avenue on the east.

"5. That the private property owners owning the property at Nos. 1502 and 1504 Central Avenue had erected, or caused to be erected, buildings on said property; that the front of said buildings did not extend to the northerly edge of the property line where the said property line adjoined the southerly edge of the paved sidewalk which had been constructed by the plaintiff, but instead said buildings were erected two or three feet south of the northerly edge of the property line, and the said two or three foot space between the front of the building and the northerly property line was paved, or caused to be paved by the owners of the property so as to make and constitute an additional paved walkway in front of said buildings, but title to same remained in the private property owners.

"6. The easterly line of the property known as No. 1502 Central Avenue and the westerly line of the property known as 1504 Central Avenue, was the same between the two properties, and was marked at the northerly point by an iron stake which constituted the boundary division stake.

"7. That this boundary division iron stake between Lots Nos. 1502 and 1504 Central Avenue was located only a fraction of an inch south of the southerly edge of the paved sidewalk which had been constructed and was maintained by this plaintiff, and the southerly edge of Central Avenue; that said boundary division iron stake was located in the two or three foot space which had been paved by the private property owners of lots known as 1502 and 1504 Central Avenue; that said boundary division iron stake, during the month of December, 1941, and for some time prior thereto, protruded some three-eighths of an inch above the surface of the surrounding pavement, which had been laid by the private property owners, and there was a flange around the top edge of said stake.

"8. That on or about December 20, 1941, Mrs. Maudie Elwood Fisher stumbled and fell over the aforementioned boundary division iron stake, and on or about February 9, 1942, instituted an action in the Superior Court of Mecklenburg County against the plaintiff herein to recover damages for personal injuries which she alleged that she sustained as a result of stumbling and falling over said boundary division iron stake.

"9. That the action instituted by Mrs. Maudie Elwood Fisher against this plaintiff was tried in the Superior Court of Mecklenburg County, and although this plaintiff denied liability in said action and defended same, nevertheless, Mrs. Maudie Elwood Fisher recovered judgment

against this plaintiff in the amount of $750.00, and the Court costs in the amount of $102.85, making a total of $852.85, as will appear in the records of the office of the Superior Court of Mecklenburg County in the action entitled, 'Mrs. Maudie Elwood Fisher, plaintiff, *v.* City of Charlotte, Defendants,' to which records reference is hereby made.

"10. That said boundary division iron stake was, on December 20, 1941, at the time Mrs. Maudie Elwood Fisher stumbled and fell over same, jointly owned, maintained and/or controlled by the defendants.

"11. That the condition of the aforementioned boundary division iron stake on the property owned and/or controlled by the defendants, at the time and place in question, constituted joint and concurrent negligence on the part of the defendants, in that they placed, or allowed to be placed, or allowed to remain in a protruding position, the said division boundary iron stake on said property when they knew, or, by the exercise of due care, should have known, that it was in such a position as to be dangerous to the general public, and when they knew, or by the exercise of due care, should have known, that the public used said private two or three foot space as a part of the walkway, and when they knew, or, by the exercise of due care should have known, that such boundary division iron stake was in such close proximity to the public sidewalk maintained by this plaintiff as to constitute a hazard for members of the public lawfully using the sidewalk maintained by this plaintiff.

"11. (*Sic.*)   That the failure of the defendants to maintain said protruding boundary division iron stake in a reasonably safe condition under the circumstances hereinbefore set out, constituted joint and concurrent negligence on their part, and was the proximate and primary cause of the injuries sustained by Mrs. Maudie Elwood Fisher, and the liability of this plaintiff for the injuries sustained by the said Mrs. Maudie Elwood Fisher was and is secondary, and, therefore, the plaintiff is entitled to recover of the defendants the amount that it has had to pay on account of the judgment obtained by Mrs. Maudie Elwood Fisher against this plaintiff.

"12. If the defendants be not adjudged primarily liable for the injuries sustained by Mrs. Fisher, then the defendants are jointly and concurrently liable with the plaintiff herein by reason of the negligence of the defendants as heretofore set out, and the plaintiff is entitled to have the liability of the defendants determined and enforced in this action under and by virtue of the terms and provisions of section 618 of the Consolidated Statutes of North Carolina."

Upon this plaintiff demanded recovery of the total amount of the judgment, or, failing this, for proportionate contribution.

The defendant Jaffa demurred to the complaint as not constituting a cause of action which the city might prosecute against the defendants

for that (a) it appears from the complaint that the obstruction or "protruding stake" which allegedly caused the injury was not on or in the city sidewalk, constructed or maintained by the city, or which they were legally liable to maintain by dedication or otherwise, but in a private walkway; and for that (b) it appears on the face of the complaint that any liability to Mrs. Fisher for the alleged injury was solely that of the owners of the property over which the public was required to walk in order to enter the premises owned by defendants, and plaintiff cannot, therefore, recover against defendants as joint tort-feasors.

The demurrer was overruled, and defendant Jaffa appealed.

*Tillett & Campbell for plaintiff, appellee.*
*Guthrie, Pierce & Blakeney and E. A. Hilker for defendant, appellant.*

SEAWELL, J. In order that plaintiff might recover any amount of the defendant under the cited law, since such defendant was not a party to the original action, it must sufficiently appear that the plaintiff and the defendant were joint tort-feasors in producing the injury, and that judgment has been obtained against the complaining party therefor.

In a proper case the defendant may be compelled to contribute to the payment of a judgment theretofore obtained against the joint tort-feasor; but as to such defendant, the trial is *de novo.* His negligence and his duty of contribution must be established in the pending action; and except as above stated, he is not barred by any of the proceedings by which negligence was established against the defendant in the prior suit, who thereafter becomes plaintiff in an action for contribution.

Plaintiff cannot rely solely upon the issue of negligence found against it in the former trial, any more than it could rely upon the evidence there addressed to that issue as determining the negligent character of the acts or omissions when the time has come for the present defendant to have his own day in court and make his defense. When, therefore, the injury has resulted from negligence, it is just as necessary as it was in the original action, and as it is in any independent action, that the negligent acts or omissions be specifically stated in order that the court may see whether there has been a breach of duty. *Gillis v. Transit Corp.,* 193 N. C., 346, 137 S. E., 153; *Whitehead v. Tel. Co.,* 190 N. C., 197, 129 S. E., 602; McIntosh, Civil Procedure, pp. 358, 398.

Examining carefully the facts upon which negligence is predicated, we are of opinion that the complaint fails to disclose any actionable negligence against the city, and therefore none to which the conduct of defendant, if negligent at all, could have contributed.

From what we have said, it follows as corollary that the defendant in the present action is not called upon to divine upon what theory liability

was fixed on the plaintiff in the former action, which terminated in the Superior Court without appeal. If that liability does not appear from judicial examination of the complaint in the present action, the plaintiff must fail. We gather from the complaint that the obstruction causing the injury—a boundary line marker, described as a "stake" protruding three-eighths of an inch from the surface of the concrete—was not in or on the sidewalk constructed and maintained by the city, but was in a three-foot wide concrete walkway constructed and maintained by the defendants between the store building and the sidewalk. There is no allegation that this approach to defendants' premises had been dedicated to the public use, accepted by the city as a public street, or that its use was of a character to charge the city with its maintenance. Its designation as a walkway does not have that significance. *Briscoe v. Power Co.,* 148 N. C., 396, 62 S. E., 600. In fact, the contrary is a fair inference from the manner in which the negligence is charged. If the defendant was negligent in maintaining a marker three-eighths of an inch from the surface in his private walkway, that would be, as far as the allegations of the complaint go, his sole negligence.

We are advertent to the allegation contained in the latter part of the eleventh paragraph of the complaint "that such division iron stake was in such close proximity to the public sidewalk maintained by this plaintiff as to constitute a hazard for members of the public lawfully using the sidewalk maintained by this plaintiff." But, considering the nature of the obstacle from which Mrs. Fisher is said to have received her injury—a marker three-eighths of an inch above the concrete near the edge of the sidewalk—our previous course of decision in comparable cases does not incline us to adopt the legal inference of negligence from this alone. *Walker v. Wilson,* 222 N. C., 66, 21 S. E. (2d), 817; *Houston v. Monroe,* 213 N. C., 788, 197 S. E., 571.

The demurrer should have been sustained. The judgment overruling it is

Reversed.