PETER CANESTRINO v. L. R. POWELL, JR., AND HENRY W. ANDERSON, RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY; FRED W. STAUDT, TRADING AND DOING BUSINESS AS STAUDT'S BAKERY; AND SEABOARD AIR LINE RAILROAD COMPANY.

(Filed 30 November, 1949.)

**1. Contracts § 19: Corporations § 40—**

Where a corporation, in purchasing the assets of an old corporation from the receivers, agrees to assume the liabilities of the receivers in connection with the operation of the business, such agreement constitutes a contract for the benefit of creditors and claimants, and they may sue thereon as third party beneficiaries even though strangers to the contract and to the consideration.

**2. Judgments §§ 29, 30: Torts § 6—Adjudication, that plaintiff had failed to state cause against one defendant as joint tort-feasor does not preclude other defendant from asserting cross-action for contribution.**

Plaintiff sued the receivers of a corporation and an individual as joint tort-feasors. The demurrer of the receivers on the ground that the complaint did not allege a cause of action against them was sustained, and plaintiff did not amend or appeal. Thereafter, the individual defendant filed a cross-action for contribution against the receivers, alleging facts sufficient for their joinder under G.S. 1-240. *Held:* The judgment sustaining the demurrer adjudicated only that the complaint was insufficient to state a cause of action against the receivers as joint tort-feasors, and does not estop the individual defendant from setting up the cross-action against them as joint tort-feasors, since the individual defendant was not the "party aggrieved" by the determination of that issue of law between the plaintiff and the receivers, and had no right to appeal therefrom, G.S. 1-271, and no power to force plaintiff to amend or appeal.

**3. Pleadings § 15—**

A demurrer tests the legal sufficiency of the pleading demurred to, admitting for the purpose the truth of all matters and things alleged therein.

4. **Contracts § 19: Corporations § 40: Torts § 6—Cross-action held sufficient to allege cause in favor of pleader as third party beneficiary.**

   Plaintiff instituted action against an individual defendant and receivers of a corporation as joint tort-feasors. The receivers' demurrer on the ground that the complaint failed to state a cause of action against them was sustained and plaintiff did not amend or appeal. The individual defendant then filed a cross-action against the receivers for contribution, G.S. 1-240. Thereafter the individual defendant had a corporation joined as a defendant upon allegations that the corporation, in purchasing the assets from the receivers, assumed all liabilities of the receivers in connection with their operation of the business. *Held:* The cross-action states a cause of action against the corporation in behalf of the individual defendant as a third party beneficiary under the contract, and the corporation's demurrer to the cross-action was properly overruled. Whether the individual defendant was entitled to the joinder of the corporation as a party defendant in the action as constituted is not presented or decided.

APPEAL by defendant, Seaboard Air Line Railroad Company, from *Stevens, J.,* at the June Term, 1949, of WAKE.

For convenience of narration, L. R. Powell, Jr., and Henry W. Anderson, the Receivers of the Seaboard Air Line Railway Company, are called the Receivers; Fred W. Staudt, trading and doing business as Staudt's Bakery, is designated as Staudt; and the Seaboard Air Line Railroad Company, which is not to be confused with the Seaboard Air Line Railway Company, is characterized as the Railroad Company. We shall endeavor to promote ease and clarity of understanding by omitting all reference to dates and the other multitudinous parts of the record not directly germane to the precise question raised by the appeal.

Stripped of all nonessentials, the pertinent matters are set forth below.

The plaintiff sued the original defendants, to wit, the Receivers and Staudt, who were duly served with process, upon a complaint alleging, in substance, that the plaintiff was a passenger on a train, which was being operated by the Receivers in a southerly direction through Wake Forest, North Carolina; that the train was derailed at a public grade crossing in Wake Forest as the outcome of a collision between it and a motor truck, which belonged to Staudt and which was being driven on a mission for Staudt by his regularly employed driver; that the plaintiff suffered substantial personal injuries in the collision and derailment; and that the collision, the ensuing derailment, and the consequent personal injuries of the plaintiff proximately resulted from the combined negligence of the Receivers and Staudt's driver in certain specified particulars.

No occasion arises on the present record for itemizing the specific allegations of negligence made by plaintiff. It will suffice to note that the complaint reflected a purpose on the part of plaintiff to hold the Receivers and Staudt liable to him as joint tort-feasors.

The Receivers demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action against them. They specifically asserted in their demurrer that upon all the facts alleged by the plaintiff in his complaint, it appeared that the negligence charged against Staudt's driver was in law the sole proximate cause of plaintiff's injury.

The hearing upon the demurrer was had before his Honor, Henry A. Grady, Emergency Judge, who entered an order sustaining the demurrer on the ground that the plaintiff could not recover against the Receivers "upon the allegations of the complaint" and allowing the plaintiff thirty days in which to amend his complaint. Neither the plaintiff nor Staudt appealed to the Supreme Court from the judgment upon the demurrer, and the plaintiff did not amend his complaint. In consequence, the action was dismissed as to the Receivers upon the expiration of the time allowed the plaintiff for amending.

After these events, Staudt filed an answer, denying actionable negligence on his part, and alleging a cross-action against the Receivers in which he asked that the Receivers be brought in again as defendants and that he be awarded judgment over against them for contribution on the theory that they were joint tort-feasors with him in causing injury to the plaintiff in the event the plaintiff should recover judgment against him for the injury mentioned in the original complaint. Staudt expressly averred that he was entitled to have the Receivers brought in as additional defendants by reason of the matters set out in his answer and cross-action notwithstanding that they had theretofore been dismissed from the action "upon a demurrer to the complaint filed herein by the plaintiff." No necessity exists for detailing the precise allegations of the answer and the cross-action against the Receivers. It is sufficient for the nonce that they state facts sufficient in law to constitute a valid claim on the part of Staudt for contribution from the Receivers under the provisions of G.S. 1-240 in case of a recovery by the plaintiff against Staudt for the injury involved in the action.

Subsequently the court permitted Staudt to amend his answer so as to set up a cross-action against the Railroad Company based on a transaction alleged to have occurred during the pendency of the action. Such cross-action is predicated on the matters asserted in the original answer and the cross-action against the Receivers, and an additional averment reading as follows:

"11. Upon information and belief that on or about August 1, 1946, Seaboard Air Line Railroad Company entered into an agreement with L. R. Powell, Jr. and Henry W. Anderson, Receivers of Seaboard Air Line Railway Company, by the terms of which agreement Seaboard Air Line Railroad Company took over the operation of the railroad thereto-

fore operated by said Receivers and assumed the assets and liabilities of said Receivers in connection with the operation of said railroad; that among liabilities for which Seaboard Air Line Railroad Company assumed responsibility was the liability of said Receivers to the plaintiff in this action by reason of the matters alleged in plaintiff's complaint and their liability to defendant, Fred W. Staudt, by reason of the matters alleged in this Further Answer and Defense; that if Fred W. Staudt was guilty of any act of negligence as alleged in the complaint, which is again hereby expressly denied, the negligence of the railroad employees as hereinabove alleged proximately caused and contributed to any injury which plaintiff may have sustained, said negligence operating and concurring in producing said injury; and if this defendant was negligent and is also responsible to the plaintiff, which is again hereby expressly denied, then and in that event Seaboard Air Line Railroad Company under its aforesaid agreement with L. R. Powell, Jr. and Henry W. Anderson, Receivers, is jointly and concurrently liable with this defendant, and this defendant has a right to have said liability and responsibility of Seaboard Air Line Railroad Company determined in this action under and by virtue of the terms and provisions of G.S. 1-240."

For want of a more descriptive term, the allegations of Staudt's answer asserting the cross-action against the Railroad Company are hereinafter called a cross-complaint. The avowed purpose of such cross-complaint is to enforce against the Railroad Company its alleged promise to the Receivers to discharge their contingent liability for contribution to Staudt in the event Staudt is held liable to plaintiff in this action.

Upon the basis of Staudt's pleading, the court entered orders making the Receivers and the Railroad Company additional defendants and directing that they be served with process in the action. Service was obtained upon the Railroad Company only, and it appeared and filed this demurrer: .

"The defendant, Seaboard Air Line Railroad Company, demurs to the answer of defendant, Fred W. Staudt, in so far as the allegations thereof relate to this defendant upon the ground that the said answer does not state facts sufficient to constitute a cause of action against this defendant, for that it appears therefrom that there was no liability on the part of L. R. Powell, Jr. and Henry W. Anderson, Receivers of Seaboard Air Line Railway Company, to the plaintiff in this action or to the defendant, Fred W. Staudt, on or about August 1, 1946, the date alleged as the time when Seaboard Air Line Railroad Company entered into the alleged agreement with L. R. Powell, Jr., and Henry W. Anderson, Receivers of Seaboard Air Line Railway Company, referred to in Section 11 of the answer of Fred W. Staudt. Wherefore, the defendant, Seaboard Air Line Railroad Company, moves that this action be dismissed as to it."

The hearing upon this demurrer was before his Honor, Henry L. Stevens, Jr., at the May Term, 1949, of the Superior Court of Wake County. Judge Stevens entered a judgment overruling the demurrer and allowing the Railroad Company to replead to the cross-complaint against it. The Railroad Company excepted and appealed, assigning the overruling of its demurrer to the answer as error.

*A. J. Fletcher, F. T. Dupree, Jr., and Douglass & McMillan for the defendant, Fred W. Staudt, doing business and trading as Staudt's Bakery, appellee.*

*Murray Allen for the defendant, Seaboard Air Line Railroad Company, appellant.*

ERVIN, J. This appeal presents this problem for solution: Does the cross-complaint of Staudt against the Railroad Company state facts sufficient to constitute a cause of action? Since the sufficiency of the cross-complaint in this respect is challenged by the demurrer of the Railroad Company, it must appear, either expressly or by implication, that the facts necessary to entitle Staudt to the relief sought by him are set forth therein.

The Railroad Company was not an actor in the events resulting in the injury to the plaintiff, and cannot be held liable to Staudt for contribution as a fellow joint tort-feasor under G.S. 1-240 in case Staudt is adjudged liable to the plaintiff for such injury in this action. Staudt's cross-complaint is bottomed upon another theory.

It first states sufficient facts to establish the liability of the Receivers to him for contribution as fellow joint tort-feasors under G.S. 1-240 in case judgment is rendered against him on the plaintiff's complaint. *Charlotte v. Cole,* 223 N.C. 106, 25 S.E. 2d 407; *Lackey v. R. R.,* 219 N.C. 195, 13 S.E. 2d 234; *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434. It then alleges, in substance, that during the pendency of this action the Railroad Company took over the operation of the railroad theretofore operated by the Receivers under a contract between it and the Receivers whereby it purchased the property of the railroad and as a consideration therefor agreed to discharge the liabilities incurred by the Receivers in connection with their operation of the railroad, including their contingent liability for contribution to Staudt arising upon the matters set out in the cross-complaint. The avowed object of Staudt's cross-action is to enforce the promise which the Railroad Company made to the Receivers in its contract with them to discharge their liability for contribution to Staudt in the event the plaintiff recovers judgment against Staudt for the injury described in the complaint.

Staudt is a stranger to both the contract between the Receivers and the Railroad Company, and the considerations supporting it. Nevertheless, he will profit by the performance of the contractual obligation of the Railroad Company to discharge the statutory liability of the Receivers for contribution to him in case the plaintiff obtains judgment against him. It appears, therefore, that the promise of the Railroad Company to the Receivers constitutes a contract for the benefit of Staudt, even though it may have been exacted of the Railroad Company by the Receivers to relieve themselves of their statutory liability. In truth, Staudt occupies the status of a creditor beneficiary under the contract. Williston, on Contracts (Rev. Ed.), section 361.

The rule is well established in this jurisdiction that a third person may sue to enforce a binding contract or promise made for his benefit even though he is a stranger both to the contract and to the consideration. *Chipley v. Morrell*, 228 N.C. 240, 45 S.E. 2d 129; *Boone v. Boone*, 217 N.C. 722, 9 S.E. 2d 383; *James v. Dry Cleaning Co.*, 208 N.C. 412, 181 S.E. 341; *Foundry Co. v. Construction Company*, 198 N.C. 177, 151 S.E. 93; *Keller v. Parrish*, 196 N.C. 733, 147 S.E. 9; *Glass Co. v. Fidelity Co.*, 193 N.C. 769, 138 S.E. 143; *Schofield v. Bacon*, 191 N.C. 253, 131 S.E. 659; *Parlier v. Miller*, 186 N.C. 501, 119 S.E. 898; *Rector v. Lyda*, 180 N.C. 577, 105 S.E. 170, 21 A.L.R. 411; *Crumpler v. Hines*, 174 N.C. 283, 93 S.E. 780; *Chandler v. Jones*, 173 N.C. 427, 92 S.E. 145; *Springs v. Cole*, 171 N.C. 418, 88 S.E. 721; *Supply Co. v. Lumber Co.*, 160 N.C. 428, 76 S.E. 273, 42 L.R.A. (N.S.) 707; *Faust v. Faust*, 144 N.C. 383, 57 S.E. 22; *Gorrell v. Water Supply Co.*, 124 N.C. 328, 32 S.E. 720, 46 L.R.A. 513, 70 Am. St. Rep. 598; *Porter v. R. R.*, 97 N.C. 46, 2 S.E. 374. Hence, the allegations of the cross-complaint relating to the contingent liability of the Receivers for contribution to Staudt and the contractual assumption of such liability by the Railroad Company, standing alone and unqualified, state facts sufficient to entitle Staudt to the relief which he seeks against the Railroad Company.

The Railroad Company contends, however, that these particular allegations do not stand alone and are not without qualification, but that, on the contrary, whatever legal efficacy they may appear at first blush to possess is invalidated by the other allegations of the cross-complaint revealing that the action had been dismissed as to the Receivers by virtue of the judgment of Judge Grady sustaining their demurrer to the plaintiff's complaint. To support its position in this respect, the Railroad Company advances these interdependent arguments: (1) That Judge Grady entered the judgment sustaining the demurrer of the Receivers to the plaintiff's complaint upon the ground that the negligence charged against Staudt by such complaint was the sole proximate cause of the plaintiff's injury; (2) that in consequence the judgment of Judge Grady

sustaining the demurrer to the plaintiff's complaint constituted an adjudication that the Receivers and Staudt were not joint tort-feasors in causing the injury to plaintiff, and that by reason thereof the Receivers are not subject to any liability for contribution to Staudt under G.S. 1-240 in case the plaintiff recovers judgment against Staudt for the injury; (3) that this adjudication became conclusive "both as to plaintiff and defendant Staudt when plaintiff failed to take advantage of the provisions of the order sustaining the demurrer which allowed plaintiff thirty days in which to file amended complaint and both plaintiff and defendant Staudt failed to appeal from the order sustaining the demurrer"; and (4) that the promise of the Railroad Company to assume responsibility for the alleged contingent liability of the Receivers for contribution to Staudt is devoid of legal force since it has been thus judicially determined that no such liability exists.

We are unable to accept the contention of the Railroad Company that the judgment of Judge Grady sustaining the demurrer of the Receivers to the plaintiff's complaint constitutes an estoppel precluding Staudt from prosecuting his cross-complaint against the Railroad Company. The cases cited by appellant, to wit, *Swain v. Goodman,* 183 N.C. 531, 112 S.E. 36, and *Marsh v. R. R.,* 151 N.C. 160, 65 S.E. 911, are inapposite. They merely enunciate the established rule that an unreversed judgment sustaining a general demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action against the defendant will bar another action by the same plaintiff against the same defendant based on the same allegations of fact.

A demurrer tests the legal sufficiency of the pleading demurred to, admitting for the purpose the truth of all matters and things alleged therein. *Davis & Co. v. Blomberg,* 185 N.C. 496, 117 S.E. 497. As Staudt was not a party to the complaint of the plaintiff or the demurrer of the Receivers, he was not concerned with the solitary issue of law joined between them thereon, *i.e.,* whether the complaint stated facts sufficient to constitute a cause of action in favor of the plaintiff against the Receivers. This being so, the judgment of Judge Grady settling this issue of law adversely to plaintiff in no way injured Staudt or jeopardized any of his rights. Consequently, he was not a "party aggrieved" by the judgment in question and had no right to appeal therefrom. G.S. 1-271; *Freeman v. Thompson, supra; Irvin v. Harris,* 182 N.C. 647, 109 S.E. 867. Besides, Staudt could not force the plaintiff to take an appeal, *Electrical Accessories Co. v. Mittenthal,* 146 App. Div. 647, 131 N.Y.S. 433; or compel him to amend his complaint, *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126.

It is apparent that the Railroad Company has misapprehended the nature and scope of Judge Grady's judgment. It was not in any sense

an adjudication that the Receivers and Staudt were not joint tort-feasors in causing the injury to plaintiff, and that by reason thereof the Receivers are not subject to any liability for contribution to Staudt in case the plaintiff recovers judgment against Staudt for the injury in suit.

A few observations will demonstrate the correctness of this view. The plaintiff's complaint is one pleading, and the answer of Staudt is another. The cross-complaint is predicated upon the allegations of the answer, and not upon those of the complaint. *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183; *Smith v. Kappas,* 218 N.C. 758, 12 S.E. 2d 693. The demurrer of the Receivers challenged the legal sufficiency of the complaint, and not that of the answer. In consequence, the judgment of Judge Grady sustaining the demurrer of the Receivers to the complaint determined nothing more than that the complaint, as presented by the plaintiff, was insufficient in so far as it attempted to state a cause of action in favor of the plaintiff against the Receivers. 41 Am. Jur., Pleading, section 252. Hence, the ruling of Judge Grady had no relation to or effect upon the cross-complaint embodied in Staudt's answer. Indeed, that pleading did not even exist when the Receivers interposed their demurrer to the plaintiff's complaint, and Judge Grady made his ruling thereon.

What has been said compels the conclusion that the cross-complaint of Staudt against the Railroad Company states facts sufficient to entitle Staudt to the relief which he seeks.

This completes our task on the present record. Neither the plaintiff nor the Railroad Company questions the right of Staudt to utilize the cause of action stated in his cross-complaint as a cross-action against the Railroad Company in this case under the rules of practice prevailing in this jurisdiction. For this reason, we let this sleeping dog lie.

The judgment overruling the demurrer of the Railroad Company to the answer of Staudt is

Affirmed.