MARTHA LIGHTNER BOONE and ALLEN J. JERVEY v. DANIEL F. BOONE.

(Filed 8 June, 1940.)

1. **Injunctions § 5—Equity may enjoin resort to action at law to prevent irreparable injury.**

When a party makes a valid agreement not to institute a civil action, and to permit him to maintain the action would result in irreparable injury to the adverse party, equity will enjoin him from instituting the action not to protect against oppressive or vexatious litigation but to specifically enforce the contract, the order being directed to the party and not to the court, since equity has the power to prevent actions at law when resort to legal proceedings would result in unjust injury wholly irremedial in that tribunal.

2. **Injunctions § 11—Temporary order will be continued if it appears that primary equity can be maintained and continuance is necessary to protect rights.**

In a suit for a permanent injunction to prevent irreparable injury, the court, upon the hearing of the order to show cause, may ascertain the probable effect of a continuance or dissolution of the temporary order, and should continue the order to the final hearing if there is probable

BOONE *v.* BOONE.

cause for supposing that plaintiff will be able to maintain the primary equity alleged and there is reasonable apprehension of. irreparable injury should the temporary order be dissolved, or if a continuance appears necessary to protect plaintiff's right until the controversy can be determined.

**3. Evidence § 40—**

While parol evidence is inadmissible to vary, contradict or add to a written instrument, where part of the agreement is written and part oral, parol evidence is competent to establish the oral part unless it is required by law to be in writing.

**4. Frauds, Statute of, § 9: Husband and Wife § 19—**

While provisions of a deed of separation relating to realty are required to be in writing, an agreement between the parties that the husband would not maintain an action for divorce upon certain specified grounds and would not institute any action tending to injure her character and reputation, need not be in writing.

**5. Injunctions § 11—Held: Temporary order restraining institution of action for alienation of affections was properly continued to the hearing.**

Plaintiffs instituted this action to permanently enjoin defendant, husband of the *feme* plaintiff, from instituting action against the male plaintiff for alienation of affections. Upon the hearing of the order to show cause it appeared from plaintiffs' allegations and affidavits that *feme* plaintiff and defendant had executed a deed of separation, that upon valid consideration moving to him, he agreed, among other things, not to institute suit for divorce on the ground of adultery nor to institute any suit that would tend to injure her character or reputation, that this part of the agreement was not written to prevent it from being publicly recorded. Defendant averred that the entire separation agreement was written except the agreement that he would not institute suit for divorce on the ground of adultery. *Held:* The agreement not to institute the suits specified is not required to be in writing, and therefore plaintiff might establish such agreement, and the dissolution of the temporary order might result in irreparable injury, since evidence of misconduct, whether real or fabricated, would be admissible in his suit for alienation, and the continuance of the restraining order until the facts are ascertained and the controversy determined is necessary to safeguard plaintiff's rights, and the male plaintiff is entitled to join in maintaining the suit as the party for whose benefit the agreement was made.

**6. Contracts § 19—**

A third party may maintain an action on a contract made for his benefit.

APPEAL by defendant from *Pless, J.,* at Chambers in Marion, North Carolina, on 6 January, 1940.

Civil action to enjoin defendant from instituting civil action against plaintiff Jervey for the alienation of the affections of plaintiff Martha Lightner Boone.

Plaintiffs allege substantially these facts: (1) That the plaintiff Martha Lightner Boone and defendant are and have been for a number

of years husband and wife, between whom some time previously certain differences and disagreements arose which caused a breach of their marital relations and resulted in their separation; that in consequence he and she entered into negotiations for the purpose of adjusting, composing, settling and forever setting at rest all matters of differences and disagreements between them; that on 29 and 30 September, 1939, in conference held in Winston-Salem, North Carolina, defendant made certain charges which reflected upon the character of plaintiff Martha Lightner Boone, and others, all of which she denied, and now denies, and threatened to sue for divorce and for the custody of their children; that "in order to avoid the publicity of said charges and the effect that such litigation would have upon her and her children, her co-plaintiff, Allen J. Jervey, and all other persons against whom such charges had been made, or who might be affected thereby, she stated to defendant and his counsel that she was willing to pay a substantial consideration for an adjustment and compromise that would settle all matters between her and the defendant, as well also as to all other parties whose names were connected with, or whose character and reputation might be involved in the charges . . ." that after considerable discussion and the submission of proposals and counter proposals, said plaintiff and defendant reached an agreement whereby they entered into a deed of separation, which is asked to be taken as a part of the complaint and in which after reciting that "whereas, irreconcilable differences have arisen between the parties hereto; and, whereas, it is desired that the custody of the children and certain financial differences existing between the parties be adjusted," it is agreed, "in consideration of the premises, and the further consideration of one dollar," (1) that the custody and control of their children be given unconditionally to their father, the defendant—Martha Lightner Boone, plaintiff, their mother, to have privilege of visiting them as specified; (2) that she release him from all claim of support, maintenance and alimony, and thereby release and quitclaim to him all her right in any property which he then owned or should thereafter acquire as therein set forth, as well as release him from any indebtedness of any and every nature whatever that he may then owe her, which she alleges was $19,000 theretofore turned over to him to handle and invest for her; (3) that in the event of the happening of certain contingency, she transfer her portion of certain trust fund for the education of their son; (4) that she shall not disturb a certain trust fund of approximately $15,000 for the education of their daughter; and that he in return release to her "any right, interest, and estate which he would otherwise have in any property, real or personal," which she then had or should thereafter acquire as therein set forth.

Plaintiff Martha Lightner Boone further alleges that the defendant,

in consideration of the considerations on her part for said agreement, as set forth in the deed of separation, also agreed to and with her "(a) that he would not bring an action for divorce on the grounds hereinbefore mentioned, and would not do any act 'which would in any way reflect upon or discredit the character and reputation of the said plaintiff; (b) that he would not prosecute any action against the plaintiff Allen J. Jervey on the grounds hereinbefore alleged, nor against any of the other parties hereinbefore mentioned, and that the consideration paid by the plaintiff would be accepted as full compensation for all the damages that the said defendant claimed he had sustained by reason of the said alleged charge hereinbefore mentioned"; that "had it not been for the promises and assurances of the defendant that he would not do any act or bring any suit that would in any wise reflect upon the character and reputation of the plaintiff, and that he would forego any and all actions against any and all parties involved in the charges set forth above, said plaintiff would not have paid the consideration hereinbefore alleged in settlement on the controversy between her and said defendant"; "that on 7 October, 1939, defendant, through his attorney, threatened to bring suit against plaintiff Allen J. Jervey for the alienation of the affections of plaintiff Martha Lightner Boone;" that the bringing of such action would be in direct violation of said agreement and would deprive said Martha Lightner Boone of a substantial part of the consideration for which she entered into said agreement, particularly that part of same whereby she sought to protect her own character and reputation and the character and reputation of her co-plaintiff; that said agreement was made for the benefit of both of the plaintiffs hereto as well as for and on behalf of the other parties mentioned, and for the purpose of saving them harmless from the suits which the defendant was threatening to institute prior to the execution of said agreement; that notwithstanding both plaintiffs deny that Allen J. Jervey alienated the affections of said Martha Lightner Boone from defendant, yet if defendant is permitted to carry out his said threat and bring suit against said Jervey therefor, plaintiffs will be deprived of a substantial part of the benefits to which they are entitled by reason of the said agreement; that regardless of the result they will suffer irreparable injury for which they have no adequate remedy at law to protect their said rights; and that by reason of the agreements defendant is estopped to maintain the threatened suit against plaintiff Allen J. Jervey.

Defendant, while admitting the execution and terms of the deed of separation between him and plaintiff Martha Lightner Boone, and not denying the threat to sue Allen J. Jervey as alleged, denies all other material allegations of the complaint, except he admits that "it was understood between the parties to the agreement that the defendant, when

he brought suit against the plaintiff to sever the bonds of matrimony, would base his suit upon two years separation, and not on adultery." And by way of further defense, defendant asserts alleged grievous wrongs.

Upon hearing of motion of plaintiffs for injunction, pursuant to order to show cause, both plaintiffs and defendant offered affidavits in support of their respective allegations. Affidavits for plaintiffs tended to show in substance, among other things, that as a part of the terms for the separation agreement on 30 September, 1939, between defendant and his wife, defendant agreed that he would not bring suit against his wife for divorce on the ground of adultery, nor would he bring any suit which would tend to injure her character or reputation, nor would he institute any of the threatened suits; and that this part of the agreement was not incorporated in the deed of separation upon the assurance of defendant and the attorneys that in drawing separation agreements it was not customary to mention things of that nature for the reason that such agreements were spread upon the public records. In reply to this, defendant in affidavit filed, stated "that every item discussed on September 30, 1939, at the time the agreement was drafted was dictated to the stenographer, except the simple agreement that your affiant would not institute suit against Martha Lightner Boone for divorce and allege fornication and adultery."

The judge below reciting that "it appearing from the pleadings and the affidavits filed that the questions presented are grave, and that if the issues raised by the pleadings with respect to the contract alleged in the complaint are answered by the jury in favor of the plaintiffs, the damages that would be sustained by the plaintiffs by the dissolution of the restraining order would be irreparable and that the object of the contract, if found in plaintiffs' favor, can only be attained by the parties to the same conforming faithfully to its terms," ordered, among other things, that the restraining order theretofore issued be continued until the trial of the cause.

Defendant appeals therefrom to Supreme Court, and assigns error.

*J. E. Shipman* for *plaintiff, appellee.*
*Monroe M. Redden, Walter E. Johnson, Jr.,* and *Fred M. Parrish* for *defendant, appellant.*

WINBORNE, J. Bearing in mind that the principal relief sought in this action is permanent injunction against defendant violating an alleged agreement not to institute the threatened suit, we are of opinion that in the present state of the pleadings and the proof offered, the court below properly ruled in continuing the injunction to the hearing.

The doctrine that courts of equity may exercise their power to prevent actions at law when necessary to protect the rights of the parties is recognized and well settled. The order issues to the party, and not to the court. 14 R. C. L., 408, Injunctions, sec. 109; McIntosh, 982, sec. 862; *Wierse v. Thomas,* 145 N. C., 261, 59 S. E., 58, 15 L. R. A. (N. S.), 1008, 122 Am. St. R., 446; *Bomeisler v. Forster,* 154 N. Y., 229, 48 N. E., 524, 39 L. R. A., 240.

It is said that the authorities are agreed that where a party has an unfair advantage in a proceeding in a court of law, which must necessarily make the court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a court of equity will restrain him from doing so—the object being to prevent an unfair use of a court of law in order to deprive another of his just rights or to subject him to some unjust injury which is wholly irremediable in that tribunal. 14 R. C. L., 408; Injunctions, 109. Thus, in *Bomeisler v. Forster, supra,* a case in which the factual situation is quite similar to that in the present case, the Court of Appeals of New York said: "This case presents those separate features, which make the interference of a court of equity necessary in order that the plaintiff may have the full benefit of the contract, which as the court has decided, was made between him and this defendant. . . . The difference to the plaintiff between a trial of the action at law, in which all the scandalous matters would be made public and his reputation more or less affected, according as credence might be given to the statements and charges of the plaintiff therein, and a trial of the action in equity, where the issue would be confined to the question of whether there had been a release and settlement of all claims against him, which formed the basis of the complaint in the pending action, and an agreement not to sue further upon them, is quite perceptible and substantial. The fact of a release would not prevent, in the former case, the ventilation of all the matters of complaint, real or fabricated; whereas, in the latter case, if it should be found that it was validly made and that there was an agreement not to harass by suits upon claims which had been settled and released, this plaintiff would be spared a public discussion of charges which the settlement between him and the defendant had disposed of. . . . A specific performance of that agreement is indispensable to the security of the plaintiff against defendant's charges and revelations as to his past conduct, whether real or fabricated, which might affect his reputation and character in the community. This security he must be deemed to have obtained by his contract. It is not upon the principle that equitable relief is due to this plaintiff to protect him from oppressive or vexatious litigation, that we think that the decree of the trial court must rest for its correctness; but it is upon the principle that a specific performance

of the defendant's agreement with the plaintiff is essential, if he is to receive its benefits, and, if he was entitled to specific performance, then the remedy of an injunction, restraining the defendant from doing the act which she has contracted not to do, was proper to be granted."

When motion for a restraining order is heard to determine the question as to whether it shall be continued until the final hearing, the judge upon hearing the parties may ascertain the probable effect of the continuance of such order upon the rights of the parties. In *Cobb v. Clegg,* 137 N. C., 153, 49 S. E., 80, *Walker, J.,* speaking of the distinction between the old forms of common and special injunctions, appropriately states: "If the facts constituting the equity were fully and fairly denied, the injunction was dissolved unless there was some special reason for continuing it. Not so with a special injunction, which is granted for the prevention of irreparable injury, when the preventive aid of the court of equity is the ultimate and only relief sought and is the primary equity involved in the suit. In the case of special injunctions the rule is not to dissolve upon the coming in of the answer, even though it may deny the equity, but to continue the injunction to the hearing if there is probable cause for supposing that the plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force, or if in the opinion of the court it appears reasonably necessary to protect the plaintiff's right until the controversy between him and the defendant can be determined. It is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon its merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case." See, also, *Zeiger v. Stephenson,* 153 N. C., 528, 69 S. E., 611, and *Castle v. Threadgill,* 203 N. C., 441, 166 S. E., 313.

Under these principles and this rule plaintiff Martha Lightner Boone seeks special injunction for the prevention of irreparable injury. The question arises as to whether on the present state of the pleadings and proof there is (1) probable cause for supposing that she will be able to maintain the primary equity alleged, and (2) reasonable apprehension of irreparable loss· unless the injunction remain in force, or (3) does it appear reasonably necessary to protect her rights until the controversy can be determined.

In connection with the first, plaintiffs contend and have offered affidavits of Martha Lightner Boone and of the attorney who represented

her at the time, tending to show that the agreement between her and her husband was in part written and in part oral, and that the oral part was expressly omitted from the written to avoid the publicity incident to public record of it. They further contend that the oral part is not required by law to be in writing—and may be proven by parol evidence. On the other hand, while defendant denies, and offers affidavits tending to support his denial, that oral agreement covering all the matters alleged by plaintiffs was made, he admits that a part of the agreement was in parol, that is, that part relating to the ground for divorce to be alleged in the event he sues therefor. Defendant further contends that under the circumstances parol evidence of the alleged oral agreement is inadmissible and incompetent.

It is a well established rule of law that parol evidence will not be admitted to vary, contradict or add to a written instrument. "But the rule applies only when the entire contract has been reduced to writing, for if merely a part has been written, and the other part has been left in parol, it is competent to establish the latter part by parol evidence, provided it does not conflict with that which has been written." *Evans v. Freeman,* 142 N. C., 61, 54 S. E., 847. In this case, as in *Cobb v. Clegg, supra, Walker, J.,* clearly states the principles and reviews the authorities. See, also, *McGee v. Craven,* 106 N. C., 351, 11 S. E., 375; *Colgate v. Latta,* 115 N. C., 127, 20 S. E., 388; *Cobb v. Clegg, supra; Typewriter Co. v. Hardware Co.,* 143 N. C., 97, 55 S. E., 417.

In *Colgate v. Latta, supra,* quoting from Abbott on Trial Evidence, this Court said: "A written instrument, although it be a contract within the meaning of the rule on this point, does not exclude oral evidence tending to show the actual transaction . . . where it appears that the instrument was not intended to be a complete and final statement of the whole transaction, and the object of the evidence is simply to establish a separate oral agreement in a matter as to which the instrument is silent, and which is not contrary to its terms nor to their legal effect."

Applying these principles to the case in hand, while the separation agreement in so far as it affects real property is required by law to be in writing, there is no requirement that an agreement not to bring an action which would reflect upon the character and reputation of another shall be in writing.

(2) In this connection it is proper to say here that the conduct of Martha Lightner Boone, whatever it may or may not have been prior to the date of the alleged agreement, is collateral to the question now before the Court. But if it should be ascertained that defendant made the oral agreement with plaintiff Martha Lightner Boone as alleged by plaintiffs, which is a question for the jury, and she should be denied the injunction here sought, it is readily perceivable that irreparable injury would result, as indicated in the case of *Bomeisler v. Forster, supra.*

(3) Without passing upon or intimating any opinion as to controverted facts, we are of opinion that in order to safeguard plaintiff's rights, whatever they may be, the injunction should be continued until the facts are ascertained and the controversy determined.

As to the right of plaintiff Allen J. Jervey to relief: It is well settled that where a contract between two parties is made for the benefit of a third, the latter is entitled to maintain an action for its breach. *Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720; *Parlier v. Miller,* 186 N. C., 501, 119 S. E., 898; *Land Bank v. Assurance Co.,* 188 N. C., 747, 125 S. E., 631; *Thayer v. Thayer,* 189 N. C., 502, 127 S. E., 553.

The judgment below is

Affirmed.