F. G. CHIPLEY AND MRS. LEOLA P. CHIPLEY, PARTNERS, T/A CHIPLEY REALTY COMPANY, v. D. L. MORRELL AND MRS. POTA LAMPROS.

(Filed 26 November, 1947.)

**Brokers § 13: Contracts § 19—**

A real estate broker may maintain an action against the purchaser for alleged wrongful breach of the contract of sale even though the contract stipulates that the seller agrees to pay the commission and there is no contractual relationship between the broker and the purchaser, since the broker has a beneficial interest in the contract to the extent of his commissions.

APPEAL by plaintiffs from *Edmundson, Special Judge,* at 6 October, 1947, Extra Term, of MECKLENBURG.

Civil action to recover of defendant D. L. Morrell $625 as broker's commission under contract for sale of certain real estate, to defendant Mrs. Pota Lampros, and of defendant Mrs. Pota Lampros $625 as damages for breach of contract to purchase said real estate from defendant D. L. Morrell, and to declare same a lien upon the $1,000 earnest money paid by defendant Mrs. Pota Lampros, heard upon demurrer to complaint entered by defendant Mrs. Pota Lampros.

This action relates to the same contract of sale and purchase of real estate that is involved in and as set out in *Lampros v. Chipley, ante,* 236.

In connection therewith, plaintiffs here allege in their complaint substantially these facts: That, acting under an exclusive agency given to them by D. L. Morrell, they caused to be executed on 24 May, 1946, a valid and binding contract for the sale by defendant D. L. Morrell to defendant Mrs. Pota Lampros of a certain house and lot known as 428 Hermitage Court in the city of Charlotte, North Carolina, at price of $12,500,—with deposit of $1,000 as a binder, and providing that "the seller agrees to pay the Chipley Realty Company a fee of 5% or $625 Dollars when sale is closed"; that on 25 May, 1946, plaintiffs caused to be prepared, executed and acknowledged a deed from D. L. Morrell and his wife to defendant Lampros, which they tendered to defendant Lampros; that she refused to accept the deed, and pay the balance of pur-

chase price and carry out said contract of 24 May, 1946; that at times therein mentioned defendant Lampros was financially able to purchase said property and perform said contract; that on 16 August, 1946, defendant Morrell sold said property to others than defendant Lampros; that for and on account of services rendered as therein set out defendant D. L. Morrell is indebted to plaintiffs in the sum of $625 for commissions; that defendant, Mrs. Pota Lampros, willfully and wrongfully breached said contract of 24 May, 1946, and thereby damaged plaintiffs in the sum of $625; that plaintiffs are entitled to a lien upon the earnest money of $1,000, referred to in said contract, for the satisfaction of any judgment rendered herein in favor of them; and that the said $1,000 has been deposited with Clerk of Superior Court of Mecklenburg County, N. C., and is subject to the orders of the court in this action.

Defendant, Mrs. Pota Lampros, demurred to the complaint, on the ground that same does not allege a cause of action against her in that: (A) Under the allegations of the complaint, plaintiffs had no contract whatever with her, and if they have been damaged at all, it has been by defendant D. L. Morrell, and not by her.   (B) The contract relied upon by plaintiffs, which is incorporated into the complaint by reference specifically states, "The seller agrees to pay the Chipley Realty Company a fee of five per cent of $625 when sale is closed," and thus the sole party obligated to pay any commissions to the plaintiffs in the transaction alleged is defendant, D. L. Morrell.

Upon hearing of demurrer, the court, being of opinion that same should be sustained, accordingly entered judgment to that effect.

Plaintiffs appeal therefrom to Supreme Court and assign error.

*Jones & Small for plaintiffs, appellants.*
*McDougle, Ervin, Fairley & Horack for defendant, appellee.*

WINBORNE, J.   The challenge to the sufficiency of the allegations of the complaint on the ground upon which demurrer is based cannot be sustained.

While plaintiffs are not parties to the contract between defendants, they are beneficiaries under it to the extent of their commissions.   And if the contract was not carried out by reason of wrongful act of *feme* defendant, plaintiffs would have a cause of action against her for recovery of damages.

It is well settled that where a contract between parties is made for the benefit of a third party, the latter is entitled to maintain an action for its breach.   *Boone v. Boone,* 217 N. C., 722, 9 S. E. (2d), 383.   See also *Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720; *Parlier v. Miller,* 186 N. C., 501, 119 S. E., 898; *Land Bank v. Assurance Co.,* 188

N. C., 747, 125 S. E., 631; *Thayer v. Thayer,* 189 N. C., 502, 127 S. E., 553. See also *Ins. Co. v. Stadiem,* 223 N. C., 49, 25 S. E. (2d), 202.

While it is true the interest of the plaintiffs in the subject contract may be incidental rather than basic, or secondary rather than primary, nevertheless it specifically provides for their commissions, and we think the principle just stated applicable to the extent of their interest therein. *Jones v. Realty Co.,* 226 N. C., 303, 37 S. E. (2d), 906.

We make no intimation as to what the facts are. Yet most likely the controversy will be solved, on all sides, by the finding of the jury as to the issue of fraud raised in *Lampros v. Chipley, ante,* 236.

The order below sustaining the demurrer is

Reversed.