T. B. COLEMAN ET AL. V. J. D. MERCER ET AL.

(Filed 22 September, 1948.)

**Contracts § 19:  Partnership § 6—**

  Where the evidence tends to show that upon the formation of a partnership to carry on the construction business theretofore operated by one of the parties, the partners agreed to take over the assets of the old business and to continue the business in the new trade name and pay the accounts then outstanding, nonsuit is improperly entered in favor of the new member in an action to recover for material taken over by the partnership and subsequently used in construction projects of the partnership, since if the new partner is not liable on the theory of partnership, he is liable on his specific agreement, supported by valuable consideration, to assume liability for the outstanding accounts, upon which contract the material furnisher may sue as a third party beneficiary.

APPEAL by plaintiffs from *Edmundson, Special Judge,* at March-April Term, 1948, of EDGECOMBE.

Civil action to recover for building materials sold and delivered.

The complaint alleges that on 29 January, 11 and 14 February, 1947, the plaintiffs sold to J. D. Mercer, trading as Farmville Building Supply Company, 48,000 bricks valued at $1,118.00; that soon thereafter J. D. Mercer and his brother, W. H. Mercer, formed a copartnership under the firm name of Mercer Construction Company, which said partnership took

over the bricks sold by the plaintiffs, used them and assumed the indebtedness of the Farmville Building Supply Company.

J. D. Mercer testified that he was indebted to the plaintiffs for the bricks in question; that sometime in February, 1947, his brother, W. H. Mercer, came into his construction business on the basis that "I would own 60% of the business and he 40%. . . . It was a 60-40 interest in the business, and that is the way it continued until the folding up of the business. . . . The agreement was instead of giving him a salary. He stood to make 40% of the profits. . . . I had some materials on hand, including brick from Nash Brick Company, which had not been paid for. . . . It was agreed that we would continue the business and take care of these outstanding accounts. . . . We agreed to give to the business, after we formed a partnership, the name of Mercer Construction Company. The brick bought from Nash Brick Company went into three different jobs. . . . After I made the arrangement with my brother, I did not continue to carry my bank account in the name of J. D. Mercer. From that time on I carried it in the name of Mercer Construction Company. . . . My brother had authority to draw checks against the Mercer Construction Company account. . . . On or about May 15, 1947, the business folded up, dissolving the partnership or arrangement."

At the close of plaintiffs' evidence, there was a judgment of nonsuit as to the defendant, W. H. Mercer. From this ruling, the plaintiffs appeal, assigning error.

*Battle, Winslow & Merrell for plaintiffs, appellants.*
*Leggett & Fountain for W. H. Mercer, defendant, appellee.*

STACY, C. J. The question for decision is the sufficiency of the evidence to carry the case to the jury as against the defendant, W. H. Mercer.

Without elaborating or setting out in detail the different matters debated on brief, we think the liability of W. H. Mercer for plaintiffs' claim belongs to the jury on the evidence disclosed by the record—if not on the theory of partnership, then on his specific agreement.

The defendants agreed to take over the assets of the Farmville Building Supply Company, continue the business in their new trade name, and pay the accounts then outstanding. Plaintiffs' claim was among these outstanding accounts. Hence, there is shown W. H. Mercer's specific agreement to assume joint liability for the claim in suit, and this assumption is supported by a valuable consideration. "A third party may maintain an action on a contract made for his benefit."

*Boone v. Boone* (6th syllabus), 217 N. C., 722, 9 S. E. (2d), 383.  See
*Gorrell v. Water Supply Co.,* 124 N. C., 328, 32 S. E., 720.

There was error in exculpating W. H. Mercer from liability on the
record.

Reversed.