DERWOOD B. BROWN AND WIFE, GLADYS S. BROWN, TRADING AND DOING BUSINESS AS ROCK WOOL INSULATING COMPANY OF ASHEVILLE, NORTH CAROLINA, v. BOWERS CONSTRUCTION COMPANY, A COR-PORATION, AND G. E. CROUCH, INDIVIDUALLY.

(Filed 19 November, 1952.)

1. **Master and Servant § 13½—Contract between lessor and Highway Commission for protection of tenant held competent in tenant's action against contractor.**

   In an action by a tenant against the contractor for the State Highway Commission to recover for the loss of his goods by fire during the moving of the leased buildings incident to highway construction, *held* the contract between lessors and the Highway Commission which stipulated that the buildings should be moved without prejudice to occupancy and rights of the tenants and at the expense of the Commission as a part of the consideration for the right of way, is competent to show protection of the rights of the tenants by lessors, it further appearing that the Highway Commission inserted special provisions of like character for the protection of the tenants in its contract with defendant contractor for the moving of the buildings.

2. **Contracts § 19—**

   A third party may sue on a contract made for his benefit.

3. **Contracts § 8—**

   The legal effect of the language of a written agreement is a question of law for the court.

4. **Master and Servant § 13½—Under terms of contract, main contractor held liable to third persons for negligence of subcontractor in performance of the work.**

   The contract with the State Highway Commission for the construction of a bridge stipulated that the contractor should move certain buildings on the right of way to a new location and that the contents of the buildings should be undisturbed or replaced in the relocated buildings and that such

precautions should be taken as should be necessary to prevent damage or loss of any kind to the contents, with further provision that the subletting or assignment of the contract should not relieve the contractor of any responsibility for the fulfillment of the contract. The contractor subcontracted the moving of the buildings to an independent contractor. The goods of the tenants of the buildings were destroyed by fire during the performance of the contract, and they brought suit for the loss against the main contractor and the subcontractor. *Held:* The main contractor cannot escape liability for any negligence on the part of the subcontractor, resulting in damages to or destruction of the contents of the buildings, since as a matter of law under its contract the obligations assumed by it in respect to the contents of the buildings could not be avoided by subletting or assignment, and *held further*, provisions of the subcontract imposing like duties upon the subcontractor do not release the main contractor, since such obligations are supplemental to and not in substitution for the obligations of the main contractor.

APPEAL by plaintiff from *Bobbitt, J.,* at Regular May Term, 1952, of BUNCOMBE.

Civil action to recover damages for loss of personal property destroyed by fire on night of 13 September, 1948.

Plaintiffs allege in their complaint substantially the following facts as of the dates of matters involved in this action:

1. That they, the plaintiffs, Derwood B. Brown and his wife, Gladys S. Brown, are partners trading as a partnership under the firm name of Rock Wool Insulating Company of Asheville, N. C., engaged in business of insulating houses, in connection with which they had under lease from J. M. Westall and the J. M. Westall Trust, owners, and were using as warehouses two certain buildings, together with certain adjacent premises, rights of way and private roads leading thereto, located between the main line of the Southern Railway Company's track and the French Broad River at the place where the Great Smoky Mountains Park Bridge is now constructed over the waters of the river at Asheville, North Carolina, and were using said buildings as warehouses for valuable goods, wares and merchandise, and same were well protected by fence and locks and keys.

2. That defendant Bowers Construction Company is a corporation, existing under the laws of North Carolina, and is engaged in the general contracting business in building bridges, roads and highways and in the removal and relocation of buildings.

3. That defendant G. E. Crouch is engaged in the removal of houses and other buildings from one site to another.

4. That on 24 April, 1948, defendant Bowers Construction Company entered into a written contract with the State Highway and Public Works Commission of North Carolina, by the terms of which, and on the conditions therein set forth, it was agreed, among other things, that the Con-

struction Company should construct a concrete bridge across the waters of the French Broad River, in the city of Asheville.

5. That at the time of making of said contract for the construction of said bridge it was ascertained and determined by the State Highway and Public Works Commission, and by defendant Bowers Construction Company that the two buildings leased by the plaintiffs from J. M. Westall and the J. M. Westall Trust were located on the proposed right of way where said new bridge was to be constructed, and that it was determined that said two buildings occupied by plaintiffs should be removed.

6. That in the contract between State Highway and Public Works Commission and defendant Bowers Construction Company, dated as aforesaid, among other things, it was provided that the Bowers Construction Company should remove the said two buildings to a location approximately 75 feet south of their then location; and it was provided, and designated as a special provision thereof : "That the buildings or structures shall be prepared for, removed and be placed in their new locations, as shown on the plans or designated by the Engineer, left plumb and level and in as good condition in all respects as they were in before moving"; and that the contract had this further special provision : "The contents of all buildings or structures shall be moved and relocated, along with the building and structure, to its new site," and that "in the event it is not feasible or possible to move the building or structure, together with the contents therein, the contents shall be removed from the building or structure," and that "such precaution as necessary shall be taken to prevent damage or loss of any kind to the contents thereof."

7. That on 19 May, 1948, the State Highway and Public Works Commission entered into a written contract with the J. M. Westall Trust and the Trustees thereof, owners of the two buildings as aforesaid, by which the owners agreed, among other things, that the State Highway and Public Works Commission might remove the buildings from the right of way where the new bridge was to be built, and that said buildings were to be relocated on property belonging to the J. M. Westall Trust, without prejudice to the occupancy and rights of the tenants, these plaintiffs, under the general contract which it had entered into with the Bowers Construction Company for the removal of said buildings.

8. That soon thereafter "the defendant Bowers Construction Company and its agent, representative and co-defendant, G. E. Crouch, entered in and upon the premises under lease by the J. M. Westall Trust to these plaintiffs, and proceeded to wrongfully, unlawfully, negligently and without plaintiff's permission, tear down and demolish the high fence with protective barbed wire thereon surrounding plaintiffs' premises and protecting the same from trespassers and others, removing the gates and all locks therefrom, and leaving plaintiffs' property . . . totally and com-

pletely unprotected and exposed to fire, trespassers, the public generally, and any one desiring to enter said property. And . . . thereupon wrongfully and unlawfully proceeded to remove said two buildings with plaintiffs' possessions and property therein from their then location to an adjacent lot and location. At the time . . . plaintiffs had stored in said buildings their stock of goods, wares and merchandise of the approximate value of $10,000.00."

9. That on 13 September, 1948, "by reason of the gross and wanton, careless and negligent conduct of the defendants as hereinabove set forth," said buildings and plaintiffs' personal property therein, of the value of $9,214.37, were completely destroyed by fire.

Pursuant to these and similar allegations plaintiffs pray judgment, etc.

Defendant Bowers Construction Company, answering the complaint, admits, or does not deny, its corporate identity, and that plaintiffs were lessees, under the J. M. Westall Trust, as lessor, of two certain structures located approximately as alleged; that it entered into a contract with the State Highway and Public Works Commission of North Carolina on or about 24 April, 1948, for the construction of a concrete bridge across the waters of the French Broad River in the city of Asheville,—it being averred that the contract is in writing and speaks for itself; that the State Highway and Public Works Commission of the State of North Carolina entered into a written contract with the J. M. Westall Trust for removing of the two buildings then occupied by the plaintiffs, "and in this connection this defendant says that said contract is in writing and speaks for itself"; and that a fire occurred which destroyed the buildings and such contents as were therein. It denies in material aspect remaining allegations of the complaint, and avers: "that its co-defendant G. E. Crouch entered into a certain contract for the moving of certain buildings with contents in the manner as called for and provided for in the aforesaid contract between the State Highway and Public Works Commission and this answering defendant; that defendant G. E. Crouch agreed to remove said buildings, with contents, for a lump sum payment; that the individual defendant G. E. Crouch, with respect to all the work and the performance of all his duties in connection with the moving of said buildings, the relocating of the same, with the contents thereof, and the handling thereof, was, in so far as this answering defendant is concerned, in sole control thereof and that the sole right to control the work and all parts thereof in connection therewith; that this answering defendant did not have the right to control the same, did not in fact control the same, and that so far as this answering defendant is concerned, the individual defendant G. E. Crouch was an independent contractor, and not the agent or employee of this answering defendant, with respect to the doing of said work and performance of his contract with regard thereto; that the de-

fendant G. E. Crouch, as this answering defendant is advised and believes, was and is a thoroughly experienced and competent contractor in the trade and business of moving buildings, with contents, from one place to another and that the said defendant G. E. Crouch lawfully and carefully entered upon the premises of the J. M. Westall Trust referred to in the complaint and did in a careful and prudent manner move said buildings, with such contents thereof as were not removed from time to time by the plaintiffs themselves."

The defendant Bowers Construction Company for further answer and defense, sets up four separate matters,—the details of which are not essential to proper consideration of this appeal.

Plaintiffs, replying to the further answer and defense of defendant Bowers Construction Company, deny that defendant G. E. Crouch was an independent contractor, and allege that defendant Bowers Construction Company is answerable and responsible to them for the loss of their property as set forth in the original complaint, etc.

The defendant G. E. Crouch, answering the complaint, admits or does not deny that the plaintiffs had certain stock carried in trade; that certain buildings were to be moved, and that a fire destroyed buildings and whatever was in them. This defendant, however, denies in material aspect all other allegations of the complaint.

And this defendant Crouch, by way of further answer and amendment to answer and defense, sets up matters not material to proper consideration of this appeal.

Upon the trial in Superior Court plaintiff offered in evidence material admissions of the defendants, as set out in their respective answers, pretrial stipulations, and the contract dated 24 April, 1948, between Bowers Construction Company and the State Highway and Public Works Commission,—the material portions of which relate to matters in controversy, are set forth in Exhibit P-1.

Reference to this exhibit reveals that the two buildings of the J. M. Westall Trust involved in the present action are specifically described. And in respect to the subject "Special Provisions" as to "Removal and Relocation of Buildings and Miscellaneous Structures," provisions "Pertinent to Determination of this Litigation" are set out in opinion hereinafter, and need not be quoted here.

Plaintiffs offered in evidence the instrument, dated 19 May, 1948, signed by the Trustees of the J. M. Westall Trust, entitled "Option" to State Highway and Public Works Commission, marked Exhibit P-2. But objection thereto by defendants was sustained. Plaintiffs excepted. Exception 1. Pertinent portions of this exhibit are set forth in opinion hereinafter, and need not be stated here.

Plaintiffs also offered in evidence paper writing signed by G. E. Crouch dated 20 July, 1948, in the form of a letter addressed to and accepted by Bowers Construction Company, marked Exhibit P-3, reading in pertinent part:

"I agree to furnish all tools, labor, materials, supervision, compensation and liability insurance to move three (3) buildings on Project U 661 (3) N. C. 9075—Buncombe County.

"I also agree to carry out all the provisions in doing the work that are set forth in your contract with the State Highway and Public Works Commission, for the sum of Eleven Thousand and Five Hundred ($11,500.00) Dollars, itemized as follows: . . .

"You are to pay me for this work as the State pays you and to pay me the retainage in sixty (60) days after the work is completed . . ."

And plaintiffs also offered evidence tending to show, in other respects, the facts to be as alleged in their complaint.

Upon close of plaintiffs' evidence motion of defendant Bowers Construction Company for judgment as of nonsuit was allowed, and that of defendant G. E. Crouch was overruled. Whereupon plaintiffs excepted to the court's ruling, submitted to voluntary nonsuit as to defendant Crouch, and appeals to Supreme Court, and assigns error.

*Ward & Bennett and Williams & Williams for plaintiffs, appellants.*
*Smathers & Meekins for defendant, appellee.*

WINBORNE, J. The questions involved on this appeal as stated in plaintiffs', appellants, brief are these:

"1. Did the court err in sustaining objections of defendant Bowers Construction Company to certain evidence?

"2. Did the court err in nonsuiting the case as to defendant Bowers Construction Company?"

We are of opinion that upon consideration of the record and case on appeal both questions merit an affirmative answer.

I. The two assignments of error based upon exceptions (1) to the refusal of the court, upon objection by defendants, to admit in evidence, when offered by plaintiffs, the option and contract, Exhibit P-2, executed by the Trustees of the J. M. Westall Trust to and with the State Highway and Public Works Commission in respect to purchase of right of way for highway purposes over the Westall Trust property at the point where the bridge over the river was later constructed, and on which plaintiffs' property, here involved, was located, and (2) to the exclusion of oral testimony tending to show that the State Highway and Public Works Commission had exercised the option as provided in the contract.

This evidence is pertinent and material to the controversy at issue. It is seen by reference to the contract that "This option also includes the purchase of a frame garage," but that "other buildings on the right of way to be removed therefrom and reconstructed on property belonging to the Trust, without prejudice to occupancy and rights of tenants, under the general contract and at the expense of the State Highway Commission." And the matter of the removal and reconstruction of the buildings is made a part of the consideration to be paid by the State Highway and Public Works Commission.

The language of these provisions is plain, and, by fair interpretation, clearly shows an intent upon the part of the Trustees of the J. M. Westall Trust to act in the interest, and for the benefit of their tenants—these plaintiffs.

And, by reference to the contract between the State Highway and Public Works Commission and Bowers Construction Company it clearly appears that the State Highway and Public Works Commission projected therein special provisions, of like character, intended to be in the interest, and for the benefit of the Westall tenants, who are the plaintiffs.

And it is a well settled principle of law in this State that where a contract between two parties is made for the benefit of a third person, or party, the latter is entitled to maintain an action for its breach. *Gorrell v. Water Supply Co.,* 124 N.C. 328, 32 S.E. 720; *Parlier v. Miller,* 186 N.C. 501, 119 S.E. 898; *Thayer v. Thayer,* 189 N.C. 502, 127 S.E. 553; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Chipley v. Morrell,* 228 N.C. 240, 45 S.E. 2d 129; *Coleman v. Mercer,* 229 N.C. 245, 49 S.E. 2d 405; *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566, and cases there cited.

II. Now as to assignment of error based upon exceptions to the ruling of the trial court in granting at close of plaintiffs' evidence motion of defendant Bowers Construction Company for judgment as of nonsuit as to it.

The parties do not debate in this Court the question as to sufficiency of the evidence, offered on the trial below, to take the case to the jury as to the defendant G. E. Crouch. Hence the sole question here for decision is whether or not there is evidence tending to show obligation on the part of Bowers Construction Company to observe the special provisions of the general contract with the State Highway and Public Works Commission assumed by it in respect to removal and relocation of the buildings and contents of buildings, after it had sublet to defendant G. E. Crouch the performance of the work of removing and relocating the buildings. This is a matter of law to be determined upon proper interpretation of the special provisions of the general contract.

By referring to the "Special Provisions" of the general contract it appears under heading "3-1. Construction Methods" that "Buildings or structures shall be prepared for, removed, and be placed in their new locations, . . . left plumb and level and in as good condition in all respects as they were before moving . . ."; and that "the contents of all buildings or structures shall be moved and relocated along with the building or structure to its new site"; and that "in the event that it is not feasible or possible to move the building or structure together with the contents therein, the contents shall be removed from the building or structure at its original location and same replaced in the relocated building or structure"; and that "such precautions as necessary shall be taken to prevent damage or loss of any kind to the contents thereof."

A further special provision under heading "5-1. Basis of Payment" is that "Payment will not be made for this item until an owner's release is secured from the property owner or owners, certifying that the work has been performed to the property owner's satisfaction and that the State Highway and Public Works Commission and the contractor are released from all responsibility in connection with this work . . ."

And it is further provided under heading "Required Contract Provisions for Federal Aid Projects" that "no portion of the contract shall be sublet, assigned or otherwise disposed of except with the written consent of the contracting officer or his authorized representative . . ."; and that "consent to sublet, assign or otherwise dispose of any portion of the contract shall not be construed to relieve the contractor of any responsibility for the fulfillment of the contract."

In the light of these provisions a legal duty is assumed by, and, by operation of law, imposed upon Bowers Construction Company which it cannot escape by assignment. And this is true whether the performance required is a personal performance or not. Corbin on Contracts, Vol. 4, Sec. 865. See also *R. R. v. R. R.,* 147 N.C. 368, 61 S.E. 185; *Trust Co. v. Williams,* 201 N.C. 464, 160 S.E. 484; *Trust Co. v. Webb,* 206 N.C. 247, 173 S.E. 598.

Appellees, however, point to the allegations of the complaint of plaintiffs purporting, as they contend, to allege another and special contract between G. E. Crouch and plaintiffs by which he agreed "that the said property would be moved in said buildings to the new location in as good condition as if the same had never been moved," and that the buildings, after removal, would be "left plumb and level, and in as good condition in all respects as they were before moving."

True there are such allegations in the complaint. But the complaint also sets forth the special provisions of the general contract. And, in view of the fact that the special agreement attributed to Crouch is in effect a repetition of the special provisions of the general contract, it may be

fairly taken as supplemental thereto and not in substitution for the special provisions of the general contract.

The assumption of the assignor's duty by the assignee merely gives to the other party a new and added security. Corbin on Contracts, Vol. 4, Sec. 866.

Since there must be another trial, it is not deemed necessary to expressly consider other assignments of error. The matters to which they relate may not then recur.

For reasons stated above the judgment from which this appeal is taken, is

Reversed.