JUANELL PETIT PICKELSIMER, by and through her Next Friend, ROBERT T. GASH, v. CHARLES W. PICKELSIMER, JR., and JOSEPH PICKELSIMER, Executors of the Estate of C. W. PICKELSIMER, SR., deceased.

(Filed 27 September, 1961.)

**1. Contracts §§ 14, 24—**

Where two persons enter into a contract for the benefit of a third party, such third party beneficiary may maintain an action for breach of the agreement.

**2. Wills § 2—**

Where a person agrees to live with and look after another and his household in consideration of the promise of such other to devise and bequeath a designated portion of his estate to the child of the promisee, the child, as a third party beneficiary, may maintain an action against the personal representatives of testator to recover for testator's breach of the agreement without the joinder of the child's mother, and the child's mother is not a necessary party to such action.

**3. Parties § 1—**

A necessary party is one whose rights must of necessity be affected by a judgment in the cause, and therefore one who must be brought in before the court can proceed to final judgment; a proper party is one having an interest in the subject matter of the action but whose rights need not necessarily be determined in adjudicating the rights of necessary parties to the action.

APPEAL by defendant from *Campbell, J.*, at July Term, 1961 of TRANSYLVANIA.

Civil action on behalf of minor plaintiff to recover damages against the estate of C. W. Pickelsimer, Sr., deceased, for breach of an oral contract, or for the value of the services rendered by minor plaintiff's mother, Blanche Petit (Goosen), to the said decedent for and on behalf of minor plaintiff.

Robert T. Gash, next friend of the minor plaintiff, Juanell Petit Pickelsimer, alleges in his amended complaint substantially the following: (1) That the defendants, Charles W. Pickelsimer, Jr., and Joseph Pickelsimer are the duly qualified and acting executors of the estate of C. W. Pickelsimer, deceased; that C. W. Pickelsimer died leaving a last will and testament, which said last will and testament is duly recorded; (2) that for several years prior to April 1, 1945, the minor plaintiff's mother, Blanche Petit, now Blanche Petit Goosen, was employed by the defendants' testator, as a housekeeper; (3) that while the minor plaintiff's mother was in the employ of defendants' testator, he seduced the minor plaintiff's mother upon the promise of marriage, and continued to promise to marry her for some time thereafter; (4) that the minor plaintiff, Juanell Petit Pickelsimer, was born on 1 April 1945, her father being defendants' testator, and her mother being Blanche Petit, now Blanche Petit Goosen; (5) that on 1 April 1945, defendants' testator was the father of four other children, three of whom were minors on that date; (6) that after the birth of the minor plaintiff, defendants' testator failed to keep his promises to marry Blanche Petit, that the said Blanche Petit and the minor plaintiff, who was in the care, custody and control of her mother, moved from Brevard, North Carolina to Cashiers, North Carolina, where Blanche Petit opened and operated a beauty parlor; (7) that while so engaged in the operation of said beauty parlor, defendants' testator contracted and agreed with Blanche Petit that if she would not bring suit against him, or have any suit brought against him, and if she would return to his home in Brevard, North Carolina, and bring with her their minor child, Juanell Petit Pickelsimer, and care for himself, the said minor child, and his three minor children until said children were old enough to care for themselves, that he would marry her, recognize Juanell Petit Pickelsimer as his child and provide care and support and maintenance for said minor child, and at his death would will, devise and bequeath to Juanell Petit Pickelsimer a one-fifth part of his estate; (8) that in reliance upon the said promises of defendants' testator, the said Blanche Petit fully performed all of the terms of her agreement, more particularly that she did not institute or cause to have instituted any legal action against defendants' testator; that

she gave up her home and beauty parlor operations in Cashiers, North Carolina, and returned to the home of defendants' testator and cared for his children until the three minor children, other than the minor plaintiff, had left home fully capable of caring for themselves and further continued to take care of defendants' testator, up to a time shortly before his death; (9) that repeatedly after the said Blanche Petit returned to the home of defendants' testator, he reaffirmed his contract and agreement with the said Blanche Petit and continued to accept the considerations for the aforesaid contract from the said Blanche Petit, which considerations were rendered in full by the said Blanche Petit; (10) that under the terms of the will, recorded in Book of Wills 6 at page 107, in the office of the Clerk of the Superior Court of Transylvania County, defendants' testator bequeathed to Juanell Petit Pickelsimer the sum of $1,000.00, plus the additional sum of $75.00 per month until she attain the age of eighteen years: (11) that despite the full performance by Blanche Petit of her agreement with the defendants' testator, he failed to comply with the terms of his contract with her in that he failed to marry her, failed to fully provide care, support and maintenance for the minor plaintiff, and failed to devise and bequeath to the minor plaintiff a one-fifth part of his estate, and that the minor plaintiff has therein and thereby been damaged in a sum in excess of $250,000.00.

Wherefore, plaintiff prays that she recover damages in the sum of $250,000.00, "the same representing a sum equal to approximately one-fifth of the estate of C. W. Pickelsimer, Sr., or the value of the services rendered by the said Blanche Petit to the said C. W. Pickelsimer, Sr., for and on behalf of the minor plaintiff"; that the defendants, as Executors of the estate of the deceased, be required to make a full accounting of the assets of the estate; that defendants be enjoined from distributing any of the assets of the estate other than preferred claims, pending the trial of this case; costs; and any other just and proper relief.

Whereupon the defendants filed a motion that Blanche Petit Goosen be made a party to this action.

Upon consideration of this motion, the court being of the opinion that Blanche Petit Goosen is not a necessary party to this action, ordered that the motion be denied.

Defendants appeal therefrom to Supreme Court and assign error.

*Uzzell & DuMont, Hamlin, Potts, Ramsey & Hudson for plaintiff appellee.*

*Redden, Redden & Redden, J. Bruce Morton for defendants appellants.*

WINBORNE, C.J.   The question presented on this appeal is: Did the court below err in denying defendants' motion to make Blanche Petit Goosen a party to this action? The answer is No.

While the minor plaintiff is not a party to the alleged contract between her mother and the defendants' testator, she is a beneficiary under it to the extent that the promises contained therein relate to her. And if the defendants' testator breached the contract, plaintiff would have a cause of action against him for recovery of damages. *Redmon v. Roberts,* 198 N.C. 161, 150 S.E. 881.

In this respect, in *Brown v. Construction Co.,* 236 N.C. 462, 73 S.E. 2d 147, this Court said: "It is a well settled principle of law in this State that where a contract between two parties is made for the benefit of a third person, or party, the latter is entitled to maintain an action for its breach." *Gorrell v. Water Supply Co.,* 124 N.C. 328, 32 S.E. 720; *Parlier v. Miller,* 186 N.C. 501, 119 S.E. 898; *Thayer v. Thayer,* 189 N.C. 502, 127 S.E. 553; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383, *Chipley v. Morrell,* 228 N.C. 240, 45 S.E. 2d 129; *Coleman v. Mercer,* 229 N.C. 245, 49 S.E. 2d 405; *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566; and cases there cited.

However, the defendants contend that minor plaintiff's mother, Blanche Petit Goosen, as a party to the contract, is a necessary party to this action.

In *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659, *Devin, C.J.,* speaking for the Court said: "Necessary or indispensible parties are those whose interests are such that no decree can be rendered which will not affect them, and therefore the Court cannot proceed until they are brought in. Proper parties are those whose interest might be affected by a decree, but the Court can proceed to adjudicate the rights of others without necessarily affecting them, and whether they shall be brought in or not is within the discretion of the Court." McIntosh, Prac. & Proc., Sec. 209, p. 184; *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

Thus it appears that Blanche Petit Goosen is not a necessary party to the action. Further, if it should appear that she is a proper party, the court's refusal to make her a party to the action would be within its discretion and therefore not reviewable.

Affirmed.