MARY REIDY, D/B/A MARY REIDY REALTY COMPANY v. JOHN RICHARD MACAULEY AND WIFE, LINDALEE MACAULEY

No. 8126SC862

(Filed 4 May 1982)

1. **Contracts § 14.2— agreement to pay broker's fee—broker not third party beneficiary**
    Plaintiff real estate broker was not an intended beneficiary of an agreement between the sellers and purchasers of a house requiring the purchasers to pay plaintiff's commission on the sale and thus was not entitled to maintain an action for breach of the contract as a third party beneficiary.

2. **Contracts § 4.2— provision not supported by consideration**
    A provision in a contract for the purchase of a house requiring the purchasers to pay the real estate broker's fee, unilaterally inserted into the contract by the broker, was unsupported by consideration.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 24 March 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 2 April 1982.

This is an action to recover a real estate broker's commission. On 23 April 1979, plaintiff, Mary Reidy, a real estate broker, entered into an exclusive listing contract with Mr. and Mrs. Robert Meyers. Plaintiff agreed to list the Meyers' house for sale, and the Meyers agreed to pay plaintiff a 6% commission if plaintiff produced a purchaser. Plaintiff testified: "At the time we signed the listing contract, I did have reason to believe that Mr. and Mrs. Macauley [the defendants] would be interested in the house." Consequently, within two days, plaintiff prepared, and the defendant signed a form styled "Offer to Purchase and Contract" (Contract) for the purchase of the Meyers' house. The total purchase was $140,000, $1,000 to be paid down, $90,000 to be financed, and the $49,000 balance to be paid in cash at closing. Although plaintiff's exclusive listing contract with the Meyers provided for the payment of a 6% broker's commission to plaintiff, plaintiff inserted, in her own handwriting, a separate subparagraph 5(b) into the Contract between the Meyers and the defendants which provided that "sellers agree to pay [plaintiff] 6% commission."

Because the defendants were unable to sell their own house, they were unable to pay the $49,000 cash balance required at closing. Consequently, defendants did not purchase the Meyers' house.

Following a jury trial, and at the close of all the evidence, the trial court directed a verdict for defendants and dismissed plaintiff's claim for a 6% broker's commission. Plaintiff appealed.

*Mraz & Michael, P.A., by Mark A. Michael for plaintiff appellant.*

*Thigpen & Hines, P.A., by James L. Smith for defendant appellee.*

BECTON, Judge.

Plaintiff states her sole argument thusly: "The Court erred by granting the defendant's [sic] motion for directed verdict at the close of all the evidence on the grounds that there was ample

record evidence of every element of the plaintiff's claims suffi-
cient to take the case to the jury." Believing, first, that plaintiff
is, at best, an incidental beneficiary under the Contract between
the Meyers and defendants and, therefore, not entitled to main-
tain an action for breach of contract against the defendants; and,
second, that the broker's commission provision inserted into the
Contract is unsupported by consideration and, therefore, unen-
forceable against defendants, we reject plaintiff's argument.

[1]  Since *Vogel v. Supply Co.* and *Supply Co. v. Developers, Inc.,*
277 N.C. 119, 177 S.E. 2d 273 (1970), our courts have consistently
held that one may not maintain an action for breach of contract
unless the contract was entered into for his or her direct benefit.
*Matternes v. City of Winston-Salem,* 286 N.C. 1, 209 S.E. 2d 481
(1974); *Alva v. Cloninger,* 51 N.C. App. 602, 277 S.E. 2d 535 (1981);
*Howell v. Fisher,* 49 N.C. App. 488, 272 S.E. 2d 19 (1980), *disc.
rev. denied* 302 N.C. 218, 277 S.E. 2d 69 (1981); *Johnson v. Wall,*
38 N.C. App. 406, 248 S.E. 2d 571 (1978). *See also* 30 A.L.R. 3d An-
not. 1395 (1970). The *Vogel* Court expressly adopted the
"framework for analysis" of third party beneficiary claims set
forth in the American Law Institute's 1932 Restatement of Con-
tracts, requiring the promisee to either confer a gift on the
beneficiary (the beneficiary being designated a "donee-benefici-
ary") or act to satisfy a duty owed to the beneficiary (the
beneficiary being designated a "creditor-beneficiary"). Under the
1932 Restatement, other beneficiaries were deemed "incidental-
beneficiaries" and were not allowed to maintain suits as third par-
ty beneficiaries. *See* Restatement of Contracts § 133 (1932).

Although the 1979 Restatement eliminates the "donee" and
"creditor" categories in favor of a new designation—"intended
benficiaries"— it nevertheless classifies all other beneficiaries as
"incidental beneficiaries." Restatement (2d) of Contracts, § 302
(1979). Thus, the 1932 Restatement test for determining third
party beneficiaries remains the same under the 1979 Restate-
ment. Moreover, the *Vogel* test for determining if one other than
the contracting parties has legally enforceable rights has not been
changed by our courts.

Plaintiff relies on *Chipley v. Morrell,* 228 N.C. 240, 45 S.E. 2d
129 (1947), a case brought by a real estate broker to recover a

commission allegedly lost because the defendant-purchaser failed to perform the real estate contract. Suggesting that the plaintiffs in *Chipley* were incidental beneficiaries, the Court held that they could maintain an action to recover their commissions from the defendant. Significantly, the *Vogel* Court, while noting the *Chipley* decision, stated "[e]ven so, the law in this State as to *direct* third party beneficiaries is synonomous with the Restatement categories of donee and creditor beneficiaries." 277 N.C. at 127, 177 S.E. 2d at 278 (emphasis in original).

We believe *Chipley* has been overruled *sub silentio* by *Vogel* and its progeny. Applying the *Vogel* analytical framework to the case *sub judice*, plaintiff cannot qualify as an intended (donee or creditor) beneficiary. The contractual provision under which plaintiff claims a right of action against defendants states that "sellers agree to pay Mary Reidy Realty 6% commission." Thus the Meyers are the promissors and the plaintiff is the promisee. The Meyers' promise to pay the plaintiff's commission arose out of the pre-existing exclusive listing contract between plaintiff and the Meyers. The record does not suggest that the defendants intended to, or otherwise secured, a benefit from the Meyers to the plaintiff.

[2] Separate and apart from our analysis under *Vogel*, we are convinced that plaintiff cannot enforce the broker's commission provision in sub-paragraph 5(b) of the Contract between the defendants and the Meyers because that provision is not supported by valid consideration.

It is axiomatic that a contract, to be enforceable, must be supported by consideration and that failure of consideration constitutes legal excuse for non-performance of the contract. *Investment Properties v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972); *Coleman v. Whisnant*, 225 N.C. 494, 35 S.E. 2d 647 (1945). In this case, plaintiff's right to receive a commission from the Meyers was already established in her exclusive listing contract, to which the defendants were not a party. Plaintiff's unilateral insertion of sub-paragraph 5(b) into the Contract does not obligate defendants to pay plaintiff's commission since there was no consideration to support plaintiff's efforts unilaterally to impose this additional burden upon the defendants.

For the foregoing reasons, the decision of the trial court is

Affirmed.

Judge WELLS and Judge HILL concur.